Lawrence Edward THOMPSON, Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE–INSTITUTIONAL DIVISION, Appellee.

No. 01–98–01215–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 16, 2000.

Rehearing Overruled Jan. 11, 2001.

---

Lawrence E. Thompson, Huntsville, for Appellant.

Karen Ray, Austin, for Appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE*.

## OPINION

FRANK C. PRICE, Justice (Assigned).

Lawrence Edward Thompson, the appellant, challenges the dismissal of this inmate case. We reform the judgment and affirm.

## BACKGROUND

The appellant, an inmate of the Estelle Unit of the Texas Department of Criminal Justice–Institutional Division (TDCJ–ID), filed a petition in district court naming TDJC–ID as respondent. The appellant alleged his claim was brought under the Texas Tort Claims Act. Referring to events dating back to July 21, 1994, the appellant alleged negligent implementation of TDCJ–ID rules, regulations, and policies concerning racial integration of two-person cells and negligent implementation of TDCJ–ID disciplinary rules, regula-

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

**414**

tions, and policies. Finally, he alleged TDCJ–ID employees violated his federal and state constitutional rights when they (1) refused to "racially-restrict" him based on his religious beliefs; (2) used racially-integrated housing in retaliation for the appellant's having used the grievance procedure; (3) charged the appellant with refusing to obey orders instead of refusing a housing assignment thereby denying him due process; (4) conspired to charge the appellant with disciplinary offenses by assigning him to a racially integrated cell because of his use of the grievance procedure; (5) retaliated against him based on his race, religious beliefs, and TDCJ–ID officials' beliefs the appellant is a racist and a gang member; and (6) assigned the appellant to racially integrated housing knowing the appellant would refuse the assignment and would be denied parole consideration.

The trial court held a hearing, at which the appellant stated his religious beliefs restricted him from being housed with anyone not of his own race. The appellant also acknowledged the basis of his lawsuit was that it was unconstitutional to house him with anyone other than a person of his own race. The trial court dismissed the lawsuit from the bench. The appellant then filed a motion to vacate judgment, among other matters, alleging (1) he was a member of the Lost–Found Nation of Islam, (2) one of the basic tenets of his religious beliefs was no integration, and (3) the trial court had not considered his First Amendment right to free exercise of religion. The trial court signed an order dismissing the appellant's lawsuit as frivolous under Texas Civil Practice and Remedies Code section 14.003. The trial court, nevertheless, held a hearing on the appellant's motion to vacate judgment and denied the motion. The order of dismissal indicated it was "with prejudice."

**DISCUSSION**

In a single issue, the appellant argues the trial court abused its discretion when it dismissed his cause as frivolous. A judge may dismiss a suit brought *in forma pauperis* by finding that it is frivolous or malicious. TEX.CIV.PRAC. & REM. CODE ANN. §§ 14.002, 14 .003(a)(2) (Vernon Supp.2000). Under Civil Practice and Remedies Code section 14.003(b), the court, in determining whether an action is frivolous or malicious, may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove a set of facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX.CIV.PRAC. & REM.CODE ANN. § 14.003(b) (Vernon Supp.2000).[1] Under decisional law, however, the proper factor among factors (1) through (3) is whether the complaint "lacks an arguable basis in law or in fact." *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990) (per curiam opinion denying writ). In reviewing the trial court's decision to dismiss a case on the grounds of frivolousness, an appellate court applies an abuse-of-discretion standard of review. *See Samuels v. Strain*, 11 S.W.3d 404, 406 (Tex.App.—Houston [1st Dist.] 2000, no pet.) (applying abuse-of-discretion standard to dismissal on grounds of frivolousness under section 14.003(a)).

On appeal, the appellant argues the Estelle Unit officials negligently implemented

---

1. Texas Civil Practice and Remedies Code section 14.003(b) applies to inmates' causes of action accruing on or after June 8, 1995. *Thompson v. Henderson*, 927 S.W.2d 323, 324 n. 1 (Tex.App.—Houston [1st Dist.] 1996, no writ). Section 14.003(b)(2) is identical to Texas Civil Practice and Remedies Code section 13.001(b)(2), which governed causes of action predating June 8, 1995.

the prison's administrative directives governing cell assignments and violated his freedom of religion by housing him with an inmate of a different race. The appellant further asserts Estelle Unit Officials did not follow the administrative directives designed to separate inmates based on racial differences.

Prisoners do not have the same rights as others, and courts are ill-suited to detailed management of the state prisons. *Hector v. Thaler*, 927 S.W.2d 95, 98 (Tex.App.—Houston [1st Dist.] 1996, writ denied). In *Hector*, this Court held an inmate had no arguable basis in law when he complained TDCJ officials were not enforcing the regulations in the Inmate Orientation Manual. *Id.* The state law does not recognize a right for damages for prison officials' negligent or even grossly negligent failure to enforce rules applicable to the inmates. *See id.* at 97. Like the inmate's claim in *Hector*, the appellant's claim of negligent enforcement has no arguable basis in law.

Although the appellant, a member of the Lost Found Nation of Islam, claims his right to freedom of religion has been violated, he has not shown how his cell assignment has prevented the practice of his religion. Additionally, the Estelle Unit Administrative Directive does not contain a policy which states prisoners have the right to choose their cell mates. Cell assignments are at the discretion of the prison administration. The administrative directive was set up to aid prison administration in determining where and how to place cell mates.

Finally, the appellant has not cited a single precedent holding that a prison's attempt to house an inmate with someone of a different race violates the First Amendment, and this Court has found no such precedent. The appellant has presented no claim that has an arguable basis in law.

We overrule the appellant's sole issue.

The dismissal order, however, states the dismissal is with prejudice. The proper order in the present case is dismissal without prejudice. *See Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

We reform the judgment to provide the cause is dismissed without prejudice. As reformed, the judgment is affirmed.