NO. 07-04-0507-CR


NO. 07-04-0508-CR


NO. 07-04-0509-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 18, 2005


______________________________



JESSE DOMINGUEZ HERNANDEZ,



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NOS. B-15,449-0403 & B-15,450-0403; HON. ED SELF, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Jesse Dominguez Hernandez (appellant) appeals his convictions for aggravated
sexual assault of a child (Cause no. B-15450-0403) and two counts of indecency with a
child (Cause no. B-15449-0403, counts II and III). He pled not guilty, and the cause was
tried to a jury. The latter found him guilty of the charges and assessed punishment at 20
years imprisonment for the aggravated sexual assault and five years imprisonment for the
indecency offenses. Appellant timely appealed the decision and received appointed
counsel. 

 Appellant's counsel moved to withdraw, after filing a brief pursuant to Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he
searched the record and found no arguable grounds for reversal. The record illustrates that
counsel notified appellant of his right to review the appellate record and file his own brief
or response. We also informed appellant that any response he cared to file had to be filed
by April 28, 2005. To date, appellant has neither filed a pro se response nor moved for an
extension of the April 28th deadline.

 The sole ground raised by counsel involved the legal and factual sufficiency of the
evidence. And, in addressing it, counsel explained why the evidence was sufficient to
satisfy both standards. We too reviewed the evidence of record and found it to be both
legally and factually sufficient to support the convictions. Our independent review of the
appellate record also failed to uncover any other type of arguably reversible error. See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an
independent review). 

 Accordingly, we grant the motion to withdraw and affirm the judgment of the trial
court viz cause numbers B-15,450-0403 and B-15,449-0403, counts II and III. 

 


 Brian Quinn 

 Justice

 

Do not publish. 



dException Locked="false" Priority="9" QFormat="true" Name="heading 9"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-00478-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



DECEMBER
14, 2010

 



 

R. WAYNE JOHNSON, APPELLANT

 

v.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

WYLIE HEARN, APPELLEES 



 



 

 FROM THE 223RD DISTRICT COURT OF GRAY
COUNTY;

 

NO. 35376; HONORABLE LEE W. WATERS, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant R. Wayne Johnson, acting pro se, appeals the trial courts dismissal of his civil suit
against the Texas Department of Criminal Justice and Wylie Hearn.[1]  We will affirm.

 

 

Background

Johnson filed suit in the 233rd District Court
of Gray County, asserting the defendants were violating Article I, Section 7 of
the Texas Constitution[2]
by maintaining chapels on state property, and violating his rights under
Article I, Section 6 of the Texas Constitution[3]
by holding chapel services on Sunday rather than on Saturday.  Johnsons petition also complained that warden Hearns permitting a Methodist to conduct worship
services on Sunday rather than Saturday[4]
constituted the promotion of false and fraudulent religion. His petition
asked for injunctive relief to enjoin the defendants unconstitutional
practices, and asked that Hearn individually be assessed $2.5 million in
damages for fraud.

The
trial court dismissed Johnsons suit by an order that cites both Chapter 11 and
Chapter 14 of the Civil Practices and Remedies Code.  As the trial courts order states, Johnson
has been declared a vexatious litigant, and the 156th district court
of Bee County entered a prefiling order requiring
that he obtain permission of a local administrative judge before filing new
litigation in a Texas court. See
Tex. Civ. Prac. & Rem. Code Ann. § 11.101 et seq. (Vernon 2002); In re R. Wayne Johnson, No.
07-09-0035-CV, 2009 Tex. App. Lexis 6831, *4-5 (Tex.App.--Amarillo
Aug. 27, 2009, orig. proceeding) (per curiam, mem. op.). The trial courts dismissal order found that
Johnson had neither sought nor received permission from the local administrative
judge to file his petition.  See Tex. Civ. Prac.
& Rem. Code Ann. § 11.103(a) (clerk may not file suit of vexatious litigant
subject to prefiling order unless litigant obtains
order from local administrative judge permitting filing).  

The trial courts dismissal order also found that Johnsons
claim had no arguable basis in law, citing section 14.003 of the Civil Practice
and Remedies Code.  Tex.
Civ. Prac. & Rem. Code
Ann. § 14.003 (Vernon 2009).

Johnson filed a notice of appeal from the trial courts
dismissal order.  After filing his brief
in this Court, Johnson later filed a document asserting that the Bee County
district courts prefiling order is void.  We have considered that document as a
supplement to Johnsons brief.

Analysis

We generally review a
trial court's dismissal of an inmate's suit under Chapters 11 and
14 for abuse of discretion. See Wilson
v. Texas
Dep't of Crim. Justice-Institutional Div., 268 S.W.3d 756, 758 (Tex.
App.--Waco 2008, no pet.);Thompson
v. Texas Dep't of Crim. Justice-Institutional Div., 33 S.W.3d 412, 414 (Tex. App.--Houston [1st Dist.] 2000,
pet. denied)
(Chapter 14); Scott v. Tex. Dept of
Crim. Justice-Institutional Div., No. 13-07-00718-CV, 2008 Tex.App. LEXIS 8941, *5 (Tex.App.--Corpus Christi Nov. 20, 2008, no pet.) (Chapter 11). A trial court abuses its discretion
if it acts in an arbitrary or unreasonable manner without reference to guiding
rules or principles. Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing matters committed to the
trial court's discretion, we may not substitute our own judgment for that of
the trial court. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).

We will begin by addressing Johnsons contention the Bee
County district courts prefiling order is void.  He argues the order is void because it was
obtained by Attorney General John Cornyn in
litigation in the district court of Bee County, and the Attorney General by
statute lacks authority to represent the State of Texas in district court.  Johnson has made the same argument previously
in this Court.  In re R. Wayne Johnson, No. 07-07-0431-CV, 2009 Tex. App. LEXIS
5795 (Tex.App.--Amarillo July 27, 2009, orig.
proceeding).  We addressed and rejected
the argument on that occasion, and reject it here for the same reasons.

Johnsons appellate brief asserts the trial court abused
its discretion by entering its dismissal order.[5]
 His argument in support of the
issue, however, also repeats contentions we have addressed previously.  Johnson does not challenge the trial courts
finding he failed to seek and obtain permission for the filing of his petition,
but generally argues Chapter 11 of the Civil Practice and Remedies Code
contravenes the United States Constitution and thus is made void by the
Supremacy Clause.  We previously have
considered and rejected these same contentions by Johnson.  In re R. Wayne Johnson, No. 07-09-0035-CV, 2009 Tex.App.
LEXIS 6831 (Tex.App.--Amarillo Aug. 27, 2009, orig.
proceeding); In re R. Wayne Johnson, No.
09-0008-CV, 2010 Tex.App. LEXIS 3584 (Tex.App.--Amarillo May 11, 2010, orig. proceeding); In re R. Wayne Johnson, No.
07-07-0245-CV, 2008 Tex.App. LEXIS 5110 (Tex.App.--Amarillo July 9, 2008, orig. proceeding).  We have examined his appellate brief and find
nothing new in the contentions he presents in this appeal.  We see nothing to be gained by reiterating
here our previous holdings on challenges Johnson has brought against the
constitutionality of Chapter 11, and we overrule his appellate issues for the
reasons we have stated previously.  

Except for one general reference to state laws, which may
include Chapter 14, Johnsons brief does not mention the trial courts finding
his suit was properly dismissed under that chapter.[6]
 In any event, because we have
overruled his challenges to application of chapter 11 in this case, further
discussion of the application of chapter 14 is unnecessary to disposition of
the appeal.  Tex. R. App. P. 47.1.[7]
     

Accordingly, the trial courts dismissal order is affirmed.

                                                            James
T. Campbell

                                                                        Justice

                                                











[1] Johnsons original
petition states he is incarcerated in the Clements Unit of the Texas Department
of Criminal Justice, which we judicially notice is located in Potter
County.  His petition describes Wylie
Hearn as unit warden.      





 

[2] Tex.
Const. art. I, § 7.





 

[3] Tex.
Const. art. I, § 6. 





 

[4] Johnsons petition
refers to Saturday as his Sabbath and asserts the position Saturday worship
is required by Scripture. 





[5]
In places in
his brief, Johnson seems to argue the trial court abused its discretion by failing to grant him
permission to file his original petition. This argument is misdirected. Johnson
did not ask the trial court, or the local administrative judge, for permission
to file his petition.  





[6] We note also that
Johnson filed a sworn statement in the trial court asserting his indigence, but
did not file the affidavit required by § 14.004, identifying other suits he has
filed.  Tex. Civ. Prac. & Rem. Code Ann. §
14.004 (Vernon 2009).  His failure
to do so provides another basis for the trial courts dismissal of his suit. See Clark v. J.W. Estelle Unit, 23
S.W.3d 420, 422 (Tex.App.Houston [1st
Dist.] 2001, pet. denied) (court may presume claim is substantially similar
under § 14.003(b)(4) to previous claim filed by inmate
in absence of affidavit describing previous claims).   





 

[7] Johnsons brief
contains also other conclusory statements, including
assertions that the trial courts application of chapter 11 violates the
separation of powers under the Texas Constitution and that the trial courts
order constitutes a crime. We read these statements as additional arguments in
support of Johnsons premise that the dismissal order is violative
of the constitution. To any extent they are additional appellate issues, they
are overruled.