NO. 07-08-0138-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 29, 2008

_____

MICHAEL LOU GARRETT, APPELLANT

v.

JOE S. NUNN, M. MAES, TWILA J. PRICE, JANE DOE (A.K.A.
WARDEN'S SECRETARY), J. SELLS, THERESA L. HENDRICK,
FRED C. EARLY, JOE A. GRIMES, BRUCE E. ZELLER,
DEBBIE LILES, KELLI WARD, AND JAMIE L. BAKER, APPELLEES

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 96,363-C; HON. ANA ESTEVEZ, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**Opinion**

Appellant, Michael Lou Garrett, appeals from an order dismissing his *pro se*, *in forma pauperis* suit before service of process as frivolous or malicious. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002).[1] We affirm.

_____

[1] Further references to provisions of the Texas Civil Practice and Remedies Code will be by reference to "section ___" or "§ ___."

Garrett is an inmate at the Allred Unit of the Texas Department of Criminal Justice, Institutional Division.  Garrett filed a lawsuit against Joe S. Nunn and numerous other defendants working in or associated with the Clements Unit for their alleged violations of Garrett's civil rights while Garrett was incarcerated in that unit.  Specifically, Garrett complained of a denial of special extended visits with his wife and claimed that this action was in retaliation for previous suits filed by Garrett.  In addition, Garrett alleged that false disciplinary reports were filed against him in retaliation for previous suits filed by Garrett.  Garrett contends that the defendants, by these actions and their failure to remedy these actions once they were made aware of them, discriminated against him, harassed him, abused their discretion, denied him access to the courts, violated his First Amendment rights, and violated his due process rights.  After receiving Garrett's petition and before service of process, the trial court dismissed the suit, pursuant to section 14.003(a)(2), as frivolous or malicious.  Through two issues, Garrett contends that the trial court erred in dismissing his suit because the dismissal only specifically addressed one of Garrett's "numerous" claims[2] and the dismissal as frivolous or malicious constituted an abuse of discretion.

---

[2] The trial court's Order of Dismissal states that, after reviewing Garrett's pleadings, "the claims being asserted by the Plaintiff are frivolous and malicious, and that this suit should be dismissed pursuant to the provisions of Chapter 14 of the Texas Civil Practice and Remedies Code before service of process."  We conclude that this language is sufficient indication that the trial court found all of the claims asserted by Garrett to be frivolous or malicious and, consequently, we will not address appellant's first issue.

As an initial matter, we must address whether Garrett's petition, which is a *pro se*, *in forma pauperis* civil suit filed by an inmate, complies with the procedural requirements for inmate litigation set by the legislature.

Inmate litigation, except for suits brought under the Family Code, in which the inmate files an affidavit or unsworn declaration of inability to pay costs is governed by special procedural rules set forth in Chapter 14 of the Texas Civil Practice and Remedies Code. See § 14.002. The trial court has broad discretion to dismiss a lawsuit brought under Chapter 14 as frivolous or malicious. See § 14.003(a)(2). Consequently, we review a trial court's dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration of inability to pay costs for abuse of discretion. Thomas v. Knight, 52 S.W.3d 292, 294 (Tex.App.–Corpus Christi 2001, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably in light of all of the circumstances in the case or, stated another way, when the trial court acts without reference to any guiding rules and principles. Id.

Section 14.005 requires an inmate who files a claim that is subject to the prison grievance system to file an affidavit or unsworn declaration stating the date that the grievance was filed and the date that the inmate received the written decision and a copy of the written grievance decision. See § 14.005(a). The significance of the inmate identifying the date upon which the grievance was received is that the court is instructed to dismiss a claim if it is filed after the thirty-first day after the written grievance decision was received by the inmate. See § 14.005(b).

Garrett's lawsuit focuses on issues raised in three grievance filings. According to Garrett's affidavit, he filed grievance #2006038544 on October 31, 2005, and received the final written decision on January 31, 2006; he filed grievance #2006057078 on November 29, 2005, and received the final written decision on March 26, 2006; and he filed grievance #2006057950 on November 30, 2005, and received the final written decision on March 26, 2006. Garrett's petition was filed on January 28, 2008. Clearly, Garrett's petition was filed well past the 31 day deadline and, under section 14.005(b), the trial court was required to dismiss the suit as untimely filed. Therefore, we conclude that, under the terms of the applicable statutory provision, the trial court did not abuse its discretion in dismissing Garrett's suit. See § 14.005(b).

However, Garrett contends that his petition in the present action was timely filed because his prior filing on the same grounds was determined by this Court to have been timely filed. Garrett previously filed suit based on two of the grievances[3] complained of in the current case on April 28, 2006. On the defendants' motion to dismiss and without holding a hearing, the trial court dismissed Garrett's claims with prejudice for failure to comply with the requirements of Chapter 14. This Court reviewed that dismissal and reversed the trial court's "with prejudice" dismissal and reformed the judgment to dismiss the cause "without prejudice." See Garrett v. Nunn, No. 07-06-0428-CV, 2007 Tex.App. LEXIS 8674, at *9 (Tex.App.–Amarillo October 31, 2007, no pet.) (mem. op.). In the opinion, we addressed the timeliness of Garrett's petition. See id. at *4-*5. We concluded

---

[3] Garrett's first suit was not premised on the issue raised in grievance #2006038544.

-4-

that, based on Garrett's identification of when he received the written grievance decisions upon which his claims were based, that he had timely filed the petition. See id. at *5.

In his current petition, Garrett cites our discussion of the timeliness of his previous petition as establishing that the petition that he "refiled" in the present case is timely. However, nothing in the statutory requirement that a claim be filed within 31 days of the receipt of the written grievance decision provides any exception applicable to a "refiled" claim. § 14.005(b). Additionally, Garrett has identified no exception to the timeliness requirement of section 14.005(b).[4] As such, we cannot conclude that the trial court failed to follow guiding rules and principles in dismissing Garrett's "refiled" suit as untimely filed.[5]

While Garrett's failure to comply with the 31 day filing deadline of section 14.005(b) mandated that the trial court dismiss Garrett's suit, in the interest of judicial economy, we will review Garrett's claims to determine whether they are frivolous or malicious.

---

[4] To the extent that Garrett's "refiled" claims could not have been asserted until resolution of his initial claim, we are aware that an applicable statute of limitations is tolled while a necessarily dependent cause of action is resolved. See Rogers v. Ricane Enters., Inc., 930 S.W.2d 157, 167 (Tex.App.–Amarillo 1996, writ denied). However, even were we to conclude that Garrett's substantially similar second suit was dependent on resolution of the first suit, tolling of the applicable filing requirement would have made Garrett's second suit due within three days of this Court's issuance of mandate in the first suit. See Garrett, 2007 Tex.App. LEXIS 8674, at *5.

[5] We acknowledge the seeming inconsistency of the statutory 31 day deadline for filing a claim and the judicial precedent that inmate litigation dismissed without a hearing for failure to comply with the procedural requirements of Chapter 14 be without prejudice. However, we construe section 14.005(b) to unambiguously require that all *pro se*, *in forma pauperis* suits be filed within 31 days of the exhaustion of administrative remedies and, therefore, we must adhere to the plain language of the statute.

A trial court may dismiss an inmate suit brought *in forma pauperis* by finding that it is frivolous or malicious. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the court may consider whether: (1) the claim's realistic chance of success is slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear that the party cannot prove a set of facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. § 14.003(b). The courts have determined that the proper factor, among the first three, to consider is whether the complaint "lacks an arguable basis in law or fact." Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990) (per curiam). We review the trial court's decision to dismiss a case on the grounds of frivolousness or maliciousness under an abuse of discretion standard. Thompson v. Tex. Dep't of Crim. Justice - Institutional Div., 33 S.W.3d 412, 414 (Tex.App.–Houston [1st Dist.] 2000, pet. denied).

Garrett claims that he was wrongfully denied special extended visitation with his wife and that some of the defendants are liable for their failure to correct this wrongful denial upon notice. Garrett claims that the warden's secretary (Doe) and a clerk at the Clements Unit (Price) "willfully deprived" Garrett of special extended visitation with his wife in violation of prison policy and the First Amendment. He claims that this violation of prison policy was an abuse of authority, discriminatory, retaliatory, for purposes of harassment, and a violation of his due process and equal protection rights. Garrett then claims that defendants Sells, Zeller, Nunn, Grimes, Early, Liles, and Baker were complicit in these actions by failing to remedy these alleged violations upon notice of their occurrence. As all of these claims arise out of Garrett's allegation that Doe and Price violated prison policy

and his First Amendment rights by denying his wife's request for special extended visitation, if those claims lack an arguable basis in law or fact, then the derivative claims that other defendants failed to correct the violations would lack an arguable basis in law or fact as well.

In his petition, Garrett identifies the prison policy that he claims was violated by Doe and Price. According to the pleading, the Texas Department of Criminal Justice has an "established written policy regarding 'special extended visits.'" According to Garrett, that policy states that:

> Permission for visits of a maximum of four (4) hours may be obtained through the warden or designee for those visitors whose residence is three hundred (300) or more miles (as indicated by the Texas state mileage guide) in distance (one way) from the offender's unit of assignment. A total of eight (8) hours visiting with a maximum of four (4) hours per day on two (2) consecutive days may be permitted.

It is clear from the policy that the warden or designee[6] has discretion to grant special extended visitation to those that qualify under the policy of the prison. In response to his step one grievance, Garrett was advised that inmates "with a G5 custody are eligible for special 4-hour visits if they are free of major disciplinary (sic) for 6 months." We believe that, based on the facts asserted by Garrett in his pleading, the warden's restriction of the

---

[6] Garrett makes no allegation in his petition that either Doe or Price were designees of the warden's. As such, Garrett has failed to identify that either of these defendants owed him any duty in relation to the application of this policy.

privilege of extended visitation to inmates that have not had major disciplinary violations in the preceding six months is a legitimate and appropriate exercise of discretion.[7]

Prisoners do not have the same rights as others and courts are ill-suited to detailed management of the state prisons. Thompson, 33 S.W.3d at 415. State law does not recognize a right for damages for prison officials' negligent or even grossly negligent failure to enforce rules applicable to inmates. Id.

As to Garrett's contention that the violation of this prison policy deprived him of his First Amendment rights, Garrett acknowledges that he was allowed a two hour visit with his wife on the occasions in question. Thus, his claim is not for an absolute deprivation of visitation, but rather for the loss of two additional hours of visitation. Garrett has cited no authority to establish that his First Amendment rights were violated by the denial of additional visitation time.

Because we conclude that the facts, as pled by Garrett, establish that the warden's denial of Garrett's special extended visitation was a sound exercise of discretion, the trial court did not abuse its discretion in finding that this claim and the claims that derive from it lacked an arguable basis in law or fact.

---

[7] For clarification, Garrett alleged that he was initially denied special extended visitation with his wife on October 29, 2005. The disciplinary action that Garrett alleges was false was resolved sometime after November 14, 2005 and, thus, could not have been the prior disciplinary violation upon which the denial of special extended visitation privileges was based.

Garrett's other claims derive from his allegation that defendants Nunn and Maes filed false disciplinary claims against him in retaliation for his filing of numerous grievances and lawsuits against Nunn. Garrett contends that the actions taken by Nunn and Maes infringed his access to the courts and violated his due process rights. Garrett then contends that defendants Hendrick, Ward, Sells, and Grimes were complicit in these actions by failing to dismiss the disciplinary action. All of these allegations arise out of Garrett's allegation that Nunn and Maes filed false disciplinary claims against him and, if Garrett's allegation that Nunn and Maes filed false disciplinary claims against him lack an arguable basis in law or fact, then his derivative claims that other defendants failed to take corrective action would lack an arguable basis in law or fact as well.

As previously stated, a trial court may dismiss an inmate suit brought *in forma pauperis* by finding that it is frivolous or malicious. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. § 14.003(b)(4). We will review the trial court's determination that a claim is frivolous or malicious under an abuse of discretion standard. Thompson, 33 S.W.3d at 414.

According to Garrett's affidavit of previous filings, Garrett indicates that Nunn, Hendrick, and Ward were all named defendants in Garrett's March 4, 2004 suit in which he claimed, *inter alia*, the defendants filed false and retaliatory disciplinary actions against him and refused to take corrective actions in response to these false disciplinary allegations. Garrett indicates that his December 12, 2005 suit named Nunn, Hendrick,

Ward, Sells, and Grimes as defendants in which he claimed, *inter alia*, the defendants filed false and retaliatory disciplinary actions against him and denied him due process in the handling of these claims. Garrett indicates that his February 14, 2006 suit named Nunn, Ward, Sells, and Grimes as defendants who allegedly had drugs planted on Garrett so that they could file false and retaliatory disciplinary actions against him. Finally, Garrett's December 21, 2007 suit named Ward as a defendant who allegedly denied him visitation and failed to take corrective action on grievances filed by Garrett.

Our review of Garrett's affidavit of previous filings reveals that he has previously asserted the same or similar claims against five of the defendants that he currently alleges either filed false disciplinary reports against him or failed to take corrective action against the false filings. Garrett identifies operative facts relating to the nature of the alleged false disciplinary filings only in relation to his February 14, 2006 suit. Thus, neither the trial court nor this Court can determine whether the present allegations of false disciplinary filings is substantial similar to previous suits filed by Garrett. Because we are unable to determine if the present suit is substantially similar to previous suits filed by Garrett, we must assume the suit is substantially similar and is, therefore, frivolous. See § 14.003(b)(4); Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex.App.–Houston [1st Dist.] 2000, pet. denied).

As to Garrett's claims against Maes for allegedly filing false disciplinary claims, Garrett's pleading alleges only that Maes wrote the disciplinary claim for Nunn. Garrett makes no allegation that writing the claim constituted a breach of any duty Maes owed to Garrett and Garrett's factual allegations, as they relate to Maes, lack an arguable basis in law or fact and are frivolous. See Johnson, 796 S.W.2d at 706.

-10-

For the foregoing reasons, we conclude that the trial court did not err in dismissing Garrett's claims as frivolous or malicious.

Conclusion

We affirm the trial court's Order of Dismissal.


Mackey K. Hancock
Justice