



# MEMORANDUM OPINION

No. 04-09-00031-CV

Victor L. **BROWN**,
Appellant

v.

Sgt. Robert **BLUHM**, et al.,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 07-03-00046-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 22, 2009

AFFIRMED AS MODIFIED

Appellant Victor L. Brown appeals the dismissal of his suit against the Institutional Division of the Texas Department of Criminal Justice and other defendants. Because Brown's suit failed to comply with the statutory requirements for inmate litigation, we affirm the judgment of the trial court as modified. *See* TEX. R. APP. P. 43.2(b).

## BACKGROUND

Brown is an inmate in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID). Based on events including, and stemming from, an alleged assault on November 6, 2006, Brown filed a Step 1 Offender Grievance Form.[1] Dissatisfied with the Step 1 response from TDCJ-ID, Brown filed a Step 2 Offender Grievance Form. Kelli Ward signed the Step 2 response on February 7, 2007; the Step 2 form's "Extension Date" is shown as March 14, 2007. On March 29, 2007, Brown filed suit against TDCJ-ID, Lieutenant Robert Bluhm, and several other TDCJ-ID personnel (collectively TDCJ). In his pro se original petition, Brown filed an application to proceed in forma pauperis. In response, TDCJ filed a motion to dismiss Brown's suit for, *inter alia*, failure to provide an affidavit or declaration describing his previous suits. In its order dated October 24, 2008, the trial court, without holding a hearing, found Brown's petition to be frivolous and "dismissed with prejudice" all of Brown's claims against TDCJ. Brown appeals (1) the dismissal of his suit with prejudice, and (2) the dismissal of his suit without an opportunity to remedy any defects in his pleadings.

## STANDARD OF REVIEW

We review a dismissal of an inmate's suit for failure to comply with the requirements of chapter 14 of the Texas Civil Practice and Remedies Code for an abuse of discretion. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ)).

---

[1] An inmate uses a Step 1 Offender Grievance Form to state a grievance against, and request a remedy from, an Institutional Division Unit. If the inmate is dissatisfied with the Step 1 response from the Unit, the inmate may submit a Step 2 form to the Unit Grievance Investigator. The Step 2 grievance response is the written decision from the highest authority in the grievance system. *See Crain v. Prasifka*, 97 S.W.3d 867, 870 (Tex. App.—Corpus Christi 2003, pet. denied). *See generally* TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004) (Inmate Grievance System).

**PROCEDURES CONTROLLING INMATE SUITS**

The Texas Legislature created special procedures controlling inmate suits for those inmates who declare they are unable to pay the costs of their suit. *See Clark v. Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (citing *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)). When an inmate, appearing pro se and in forma pauperis, brings a suit in a district court on an action not under the Family Code, the "trial court has broad discretion to dismiss [the] inmate's suit if the court finds the claim is frivolous." *Obadele v. Johnson*, 60 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *accord Retzlaff*, 94 S.W.3d at 653. The suit may be frivolous if, *inter alia*, "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4) (Vernon 2002); *accord Obadele*, 60 S.W.3d at 348; *Bell*, 962 S.W.2d at 158.

**REQUIRED AFFIDAVITS**

Section 14.004 requires inmates to file a detailed affidavit or declaration describing previous suits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon 2002). The trial court may dismiss a suit if the inmate fails to provide a compliant affidavit. *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.) (placing the burden on the inmate to provide the required information); *see Clark*, 23 S.W.3d at 421–22. To establish the inmate's exhaustion of his administrative remedies, the inmate must also submit an affidavit stating when he received the written response to his Step 2 grievance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1) (Vernon 2002); *Crain*, 97 S.W.3d at 870. The trial court must dismiss the

inmate's claim if it is not timely filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (Vernon 2002) (instructing the trial court to dismiss a claim not filed "before the 31st day after the date the inmate receives the written decision from the grievance system"); *Warner v. Glass*, 135 S.W.3d 681, 683 (Tex. 2004). "'[I]t is incumbent on the inmate to provide the required information [under section 14.005] before it comes to the trial court for review.'" *Francis v. TDCJ-CID*, 188 S.W.3d 799, 804 (Tex. App.—Fort Worth 2006, no pet.) (quoting *Smith v. Tex. Dep't of Criminal Justice–Institutional Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied)).

To avoid the dismissal of his claims under section 14.004, Brown had to file an affidavit or declaration describing his previous suits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon 2002); *Thompson*, 99 S.W.3d at 330; *Clark*, 23 S.W.3d at 422. Brown's original petition did not include any such affidavit or declaration. In Brown's response to TDCJ's motion to dismiss, Brown admitted he failed to provide the required affidavit because: (1) of his "[i]gnorance of the requirement," and (2) he "[could] not remember all of the details" of his previous suits. Later, Brown submitted another pleading but again did not include a compliant affidavit. Because the appellate record does not show that Brown filed an affidavit or declaration properly "describing each suit that [he] previously brought," we cannot say the trial court abused its discretion in dismissing Brown's suit. *See Clark*, 23 S.W.3d at 422.

In addition, under section 14.005, the trial court was required to dismiss Brown's claims if he did not file suit before the thirty-first day after he received the Step 2 response. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (Vernon 2002); *Warner*, 135 S.W.3d at 683. The State argues that it was "impossible for [Brown] to have [timely] filed his claim," but does not

show when Brown received the Step 2 response.[2]  Nevertheless, Brown had the burden to show when he received the response, but failed to do so.  *See Garrett v. Nunn*, 275 S.W.3d 604, 607 (Tex. App.— Amarillo 2008, no pet.); *Francis*, 188 S.W.3d at 804.  Thus, the trial court did not abuse its discretion in dismissing Brown's suit for failing to comply with section 14.005.  *See Garrett*, 275 S.W.3d at 607; *Francis*, 188 S.W.3d at 804.

### DISMISSAL WITH PREJUDICE

Brown complains that the trial court improperly dismissed his suit with prejudice because he could have amended his pleadings and corrected the defects.  As previously shown, the trial court could have dismissed Brown's suit based on the section 14.004 requirement of an affidavit of previous filings and section 14.005 requirement of an affidavit establishing the timeliness of suit.  The issue is whether a dismissal under these sections should be with prejudice.

The dismissal of Brown's suit with prejudice bars future suits for the same cause of action.  *See Garrett v. Williams*, 250 S.W.3d 154, 160 (Tex. App.—Fort Worth 2008, no pet.); *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  But a dismissal for a defective affidavit under section 14.004 that could be cured should not be with prejudice.  *See Peña v. McDowell*, 201 S.W.3d 665, 666 (Tex. 2006) (per curiam); *Hickman*, 35 S.W.3d at 124 ("[A] dismissal for failure to comply with the conditions in section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under [C]hapter 14.").  The suit should be dismissed without prejudice if the affidavit of previous filings could be corrected by an amended pleading.  *See Peña*, 201 S.W.3d at 666; *Hickman*, 35 S.W.3d at 124.  Accordingly, under section 14.004, the dismissal of Brown's suit should have

---

[2] Brown filed his suit on March 29, 2007, but did not provide an affidavit or declaration stating when he received the Step 2 response.  The Step 2 form's "Extension Date" was March 14, 2007, but Kelli Ward signed the form on February 7, 2007.  From the record, we cannot determine whether Brown filed his suit before the thirty-first day after he received the Step 2 response.

been without prejudice. We now turn to the appropriate disposition of a case where no affidavit of timeliness is presented.

Generally, where the record clearly shows an inmate did not timely file suit after receiving the Step 2 written decision, the court may dismiss the claim with prejudice. *See Mason v. Wood*, 282 S.W.3d 189, 193 (Tex. App.—Beaumont 2009, no pet.); *Leachman v. Dretke*, 261 S.W.3d 297, 312 (Tex. App.—Fort Worth 2008, no pet.); *cf. Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice."). But where a pleading may be corrected by amendment, the suit should be dismissed without prejudice. *See Mason*, 282 S.W.3d at 193 (rejecting a dismissal with prejudice because the record did not establish the inmate failed to meet section 14.005's filing deadline). Thus, where the record does not clearly show the date Brown received the Step 2 response, a dismissal for his failure to show he timely filed his suit should have been without prejudice. *See id.*; *Decker v. Dunbar*, 200 S.W.3d 807, 813 (Tex. App.—Texarkana 2006, pet. denied).

We hold the trial court abused its discretion by dismissing Brown's suit with prejudice. We, therefore, modify the judgment to delete the words "with prejudice" and substitute the words "without prejudice." *See* TEX. R. APP. P. 43.2(b).

### OPPORTUNITY TO AMEND

Brown also asserts the trial court abused its discretion by denying him an opportunity to amend his pleadings to correct any defects. But the record does not show that Brown submitted a timely request, objection, or motion to the trial court seeking leave to amend his pleadings. Thus, Brown failed to preserve his complaint for appeal. *See* TEX. R. APP. P. 33.1(a); *Jabari v. State*, 273 S.W.3d 745, 755 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Wilson v. TDCJ-ID*,

268 S.W.3d 756, 762 (Tex. App.—Waco 2008, no pet.).  We overrule Brown's second issue on appeal.

## CONCLUSION

Having overruled both of Brown's issues, we modify the judgment to delete the words "with prejudice," substitute the words "without prejudice," and affirm the judgment as modified.


Rebecca Simmons, Justice