Opinion issued December 22, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00850-CV

———————————

Clifford Allen Smith, Appellant

V.

GEAN LEONARD, FORMER SHERIFF OF GALVESTON 

COUNTY, GALVESTON
COUNTY SHERIFF FREDDIE POOR, 

MAJOR MIKE HENSON, JOHN DOE #1, AND JOHN DOE #2, 

IN THEIR INDIVIDUAL CAPACITIES, Appellees



 



 



On Appeal from the 10th District Court

Galveston
County, Texas

Trial
Court Case No. 10-CV-3781

 



 

MEMORANDUM OPINION

          Clifford
Allen Smith, pro se, appeals from an order dismissing his lawsuit against Gean
Leonard, the former Sheriff of Galveston County (the County), Freddie Poor, his
successor, and three other employees of the Galveston County Sheriff’s
Department.  We grant Smith’s motion to
proceed in forma pauperis and affirm.

Background

Smith, inmate in the Texas
Department of Criminal Justice—Institutional Division, sued Leonard and the
others solely in their individual capacities, alleging that they refused to grant
his request for a bottom bunk during his incarceration in the Galveston County
Jail.  Smith claimed that, because he
suffers from illnesses that make it painful for him to climb into an upper
bunk, the failure to assign him to a lower bunk constituted common-law
negligence and violated the Eighth Amendment of the United States Constitution
and the Americans With Disabilities Act. 
U.S. Const. amend VIII; 42
U.S.C.A. §§ 12101–12213 (West 1993).  Smith
notified the trial court that he was previously declared a vexatious litigant
under Chapter 11 of the Texas Civil Practice and Remedies Code and, pursuant to
section 11.102, asked the local administrative judge for permission to file the
suit.[1]  After a hearing, the local administrative judge
concluded that Smith’s suit had no merit and denied his request.




 

Discussion

I.                 
Jurisdiction

Before we address Smith’s issue on
the merits, we consider the County’s contention that we must dismiss Smith’s appeal
for lack of jurisdiction.  For several
more days, Chapter 11 is silent on whether the litigant could seek appellate
review of an order denying permission to file suit.  In its past session, the Legislature amended the
statute to provide that “the litigant may apply for a writ of mandamus with the
court of appeals not later than the 30th day after the date of the decision . .
. .”  Tex.
Civ. Prac. & Rem. Code Ann. §§ 11.102(c), 11.103(d) (eff. Jan. 1, 2012).  Nevertheless, because the statute as it applies
to this case does not answer the jurisdictional question, we consider it here.

Appellate courts have jurisdiction to review final judgments
and certain interlocutory orders identified by statute.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). According to the County,
the order denying Smith’s request for permission to file suit is neither a
final judgment nor an appealable interlocutory order.  

We have held that an order dismissing as frivolous an
indigent inmate’s lawsuit under Chapter 14 of the Civil Practice and Remedies
Code is appealable.  See Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston
[1st Dist.] 1998, no pet.).  The
determination required under Chapter 11 is similar to that required under
Chapter 14.  Compare Tex. Civ. Prac.
& Rem. Code Ann. § 11.102 (West 2011) (local administrative judge
may grant permission to file if it appears that litigation has merit and has
not been filed for purposes of harassment or delay) with id.§ 14.003(a) West 2002) (court may dismiss claim if it finds
that claim is frivolous or malicious, and may do so before service of process).  The procedure set forth under Chapter 11,
however, differs in that the determination of whether the litigation has merit and
has not been filed for the purposes of harassment or delay should occur before
the suit is filed.  See Tex. Civ. Prac. &
Rem. Code Ann. § 11.102; see
also id. § 11.103 (explaining
procedure for procuring stay and dismissal of lawsuit if clerk mistakenly files
it without order permitting its filing). 
If the vexatious litigant complies with section 11.102 and the local
administrative judge concludes that the proposed suit lacks merit, then an
adverse decision results not in the dismissal of the suit, but the denial of
permission to file the suit.  See Tex.
Civ. Prac. & Rem. Code Ann. § 11.102.  

Here, Smith complied with section 11.102, and the local
administrative judge denied him permission to proceed.  If we were to accept the County’s position
that the order is nonappealable, it would have the perverse result of allowing the
vexatious litigant whose suit is dismissed because he did not comply with
section 11.102 to
appeal while barring the litigant who complies with that provision.  Further, the denial of permission to proceed
is the functional equivalent of a dismissal. 
We decline to elevate form over substance when doing so would prevent a
litigant from obtaining appellate review. 
See Verburgt v. Dorner, 959
S.W.2d 615, 617 (Tex. 1997).  We
therefore hold that we have jurisdiction over Smith’s appeal.

II.              
Standard of review

We apply the abuse-of-discretion
standard to review the dismissal of a lawsuit as lacking merit or filed for the
purpose of harassment and delay.  See Thompson v. TDCJ-ID, 33 S.W.3d 412,
414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (dismissal of inmate suit
as frivolous and malicious under Chapter 14); see also Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007) (applying
abuse-of-discretion standard to review sanctions under Chapter 10); In re Douglas, 333 S.W.3d 273 (Tex.
App.—Houston [1st Dist.] 2010) (applying
standard to vexatious litigant determination). 
The test for an abuse of discretion is whether the court acted
arbitrarily or unreasonably and without reference to any guiding rules and
principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)

III.          
Dismissal

In his sole issue, Smith complains
that the trial court abused its discretion in denying him permission to proceed
with his lawsuit.  A local administrative
judge may grant a vexatious litigant permission to file suit only if it appears
to the judge that the litigation has merit and has not been filed for the
purposes of harassment or delay.  Tex. Civ. Prac. & Rem. Code Ann. § 11.102(a).  

Smith’s common-law negligence
claims against the government employees in their individual capacities are
barred on their face.  See Tex.
Civ. Prac. & Rem. Code Ann.
§ 101.106(f) (suit against government employee based on conduct within general
scope of that employee’s employment is considered to be against employee in
official capacity only and is subject to dismissal on motion); Franka v. Velasquez, 332 S.W3d 367, 370
(Tex. 2011).  His state constitutional
claims fail for the same reason.  See City of El Paso v. Heinrich, 284
S.W.3d 366, 373 (Tex. 2009).

Smith’s petition, also fails to
state a cognizable claim under the federal Americans with Disabilities Act.  Title II of the ADA does not provide for suit
against a public official acting in his individual capacity.  D.A. v.
Hous. Indep. Sch. Dist., 716 F. Supp. 2d 603, 611 (S.D. Tex. 2009); see, e.g., Garcia v. SUNY Health Scis. Ctr.
of Brooklyn, 280 F.3d 98, 107 (2d Cir.2001); Sullivan v. River Valley Sch. Dist., 197 F.3d 804, 808 n.1 (6th
Cir. 1999); Alsbrook v. City of Maumelle,
184 F.3d 999, 1005 n.8 (8th Cir.1999);
Wathen v. Gen. Elec. Co., 115 F.3d 400, 404–05 n.6 (6th Cir. 1997).

Finally, Smith has not alleged that
the officers acted with deliberate indifference as required to show a violation
of the Eighth Amendment; contrary to his assertion, allegations of negligence
are insufficient.  See Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003); Felix-Torres v. Graham, 687 F. Supp. 2d
38, 53 (N.D.N.Y. 2009); Goodson v.
Willard Drug Treatment Campus, 615 F. Supp. 2d 100, 102 (W.D.N.Y. 2009)
(“[E]ven if there were sufficient evidence upon which a factfinder could
reasonably conclude that defendants were negligent in assigning plaintiff to a
top bunk (and I do not believe that there is), that too would be
insufficient.”); Connors v. Heywright,
02-CV-9988, 2003 WL 21087886, at *3 (S.D.N.Y. May 12, 2003) (dismissing
prisoner’s claim that defendants were “negligent to [his] medical needs” in
that they, among other things, placed him in top bunk despite fact that he had
“mandatory lower bunk slip”).  Further, Smith’s allegations
relate to two separate incidents, both of which were temporary in nature.  Allegations
about temporary inconveniences, such as being deprived of a lower bunk,
subjected to a flooded cell, or deprived of a working toilet, do not
demonstrate that the conditions violate the Eighth Amendment.  Dellis
v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001).  We hold that the trial court did not
abuse its discretion in finding that Smith’s proposed litigation does not have
merit.  




 

Conclusion

We affirm the order of the trial court
denying Smith permission to file the lawsuit. 
All other pending motions are dismissed as moot.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.











[1]           See
Smith v. Livingston, No. 10-09-00003-CV, 2009 WL 5155621 (Tex. App.—Waco Dec. 30, 2009, pet. denied)
(affirming order declaring Smith a vexatious litigant).