Opinion filed July 12, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00220-CV

                                                    __________

 

                               GORDON
R. SIMMONDS, Appellant

 

                                                             V.

 

                                  NORMA
A. HARRISON, Appellee



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                     Trial
Court Cause No. 022223

 



 

                                                                  O
P I N I O N

            This is an appeal from an order dismissing an inmate’s pro se civil action.  We
affirm.

Background
Facts

            Appellant,
Gordon R. Simmonds, sued Norma A. Harrison in her official capacity as a
mailroom administrative assistant at the French Robertson Unit of the Texas
Department of Criminal Justice – Institutional Division.  Appellant alleged
that Harrison denied him access to a package because money was due.  He
asserted that Harrison’s action constituted trespass to personal property,
conversion, tortious interference, abuse of authority, official oppression,
intentional infliction of emotional distress, and mental anguish.  Appellant
sought $612.20 for actual damages plus damages for mental suffering and
emotional distress as well as exemplary, punitive, and treble damages.  The
trial court dismissed appellant’s action prior to service of process based upon
its finding that the suit was frivolous and malicious.

            Appellant
states in his brief that this action is identical to the litigation that was
the subject of our prior opinion in Cause No. 11-09-00359-CV.  In that
proceeding, the trial court dismissed appellant’s claims upon finding that he
had failed to comply with Tex. Civ. Prac.
& Rem. Code Ann. §§ 14.001–.014 (West 2002 & Supp. 2011) and
that his claims were frivolous.  We affirmed the trial court’s order of
dismissal entered on October 23, 2009, in a memorandum opinion issued on January
6, 2011.  Appellant filed the underlying proceeding on May 24, 2010, while the
appeal in Cause No. 11-09-00359-CV was still pending, presumably to correct
procedural errors that existed with the previous suit.

Analysis

            Chapter
14 of the Texas Civil Practice and Remedies Code applies to lawsuits filed by
an inmate in a district court, county court, justice of the peace court, or
small claims court where the inmate files an affidavit or unsworn declaration
of an inability to pay costs. See Section 14.002(a).  The
legislature enacted Chapter 14 to control the flood of frivolous lawsuits being
filed in Texas courts by prison inmates because these suits consume many
valuable judicial resources with little offsetting benefit.  Bishop v.
Lawson, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); Thomas
v. Knight, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied).
Chapter 14 sets forth procedural requirements an inmate must satisfy as a
prerequisite to filing suit.  Sections 14.002, 14.004–.006; see also Lilly
v. Northrep, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied).
 Even if an inmate satisfies the necessary filing requirements, however, the
trial court may dismiss an inmate’s claim if it finds the claim to be frivolous
or malicious.  Section 14.003; Comeaux v. Tex. Dep’t of Criminal Justice,
193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  A claim
is frivolous or malicious if it has no basis in law or fact or if its realistic
chance of ultimate success is slight.  Section 14.003(b)(1), (2).

            We
review a trial court’s dismissal of an inmate’s suit under Chapter 14 for abuse
of discretion.  See Wilson v. TDCJ-ID, 268 S.W.3d 756, 758 (Tex. App.—Waco
2008, no pet.); Bishop, 131 S.W.3d at 574; Thompson v. Tex. Dep’t of
Criminal Justice-Inst. Div., 33 S.W.3d 412, 414 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied).  A trial court abuses its discretion if it acts in
an arbitrary or unreasonable manner without reference to guiding rules or
principles. Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999).  When
reviewing matters committed to the trial court’s discretion, we may not
substitute our own judgment for that of the trial court. Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992).

            When
an inmate’s lawsuit is dismissed as frivolous for having no basis in law or in
fact, but no fact hearing is held, our review focuses on whether the inmate’s
lawsuit has an arguable basis in law.  See Section 14.003; Scott v.
Gallagher, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no
pet.). In conducting our review, we take as true the allegations in the
inmate’s petition and review the types of relief and causes of action set out
therein to determine whether, as a matter of law, the petition stated a cause
of action that would authorize relief.  See Scott, 209 S.W.3d at 266; Harrison
v. Tex. Dep’t of Criminal Justice, Inst. Div., 164 S.W.3d 871, 875 (Tex. App.—Corpus
Christi 2005, no pet.).  A claim has no arguable basis in law if it is based on
an indisputably meritless legal theory.  Scott, 209 S.W.3d at 266–67.

            Section
14.005 establishes requirements for an inmate who files a claim that is subject
to the grievance system established under Tex.
Gov’t Code Ann. § 501.008 (West 2012).  Section 14.005(b) provides that
“[a] court shall dismiss a claim if the inmate fails to file the claim before
the 31st day after the date the inmate receives the written decision from the
grievance system.”  A suit that is not timely filed pursuant to Section
14.005(b) is barred and may be dismissed with prejudice. Moreland v. Johnson,
95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  Appellant
alleged as follows regarding the presentation of his claim under the grievance
system:  

EXHAUSTION
OF ADMINISTRATIVE REMEDIES:  [Appellant] utilized the grievance procedures
established under Section 501.008 of the Texas Government Code.  On May 10,
2009, [appellant] submitted his Step 1 Grievance presenting the facts relating
to this instant petition.  On May 13, 2009, he was sent a response which was
erroneous.  On May 18, 2009, [appellant] submitted his Step Two Grievance, and
on June 17, 2009, he received a final decision which failed to provide complete
relief.

 

Thus, appellant
alleges that he received a final decision from the grievance system on June 17,
2009.  However, appellant did not file the underlying action until May 24,
2010, a date that is more than thirty-one days after receiving the final
decision from the administrative grievance system.

            Appellant
made an attempt to overcome the thirty-one day requirement of Section 14.005(b)
by asserting that he filed the claim in underlying Cause No. 11-09-00359-CV
within thirty-one days after receiving a final decision from the administrative
grievance system.  In this regard, appellant is essentially seeking to relate
the filing date of his petition back to the date that he filed an earlier
petition that both the trial court and this court determined did not comply
with the statutory prerequisites for filing a proceeding under Chapter 14.  He
has not cited any authority that supports this proposition.  In Garrett v.
Nunn, 275 S.W.3d 604, 607–08 (Tex. App.—Amarillo 2008, no pet.), the court
rejected an attempt by an inmate to relate the filing of a subsequent petition
back to the date of an earlier filed petition for the purpose of satisfying
Section 14.005(b).  In the absence of conflicting authority, we agree that an
inmate proceeding in forma pauperis cannot relate the filing of a petition back
to the date of an earlier filed petition in order to comply with the time
requirement of Section 14.005(b).

            A
claim has no arguable basis in law if the inmate has failed to exhaust his
administrative remedies.  Retzlaff v. Tex. Dep’t of Criminal Justice, 94
S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). 
Accordingly, the trial court did not abuse its discretion in determining that
appellant’s claim had no basis in law because appellant failed to bring his
suit timely.  Appellant’s sole issue is overruled.

This
Court’s Ruling

            The order
of the trial court is affirmed.

            

                                                                                    

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

July 12, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.