Charles Ray **MASON** and James Charles Smith, Appellants,

v.

Arthur **WOOD**, Gary Hunter, Brenda Spitaleri, Patricia Strobl and Marcial Foisie, Jr., Appellees.

No. 09–08–00234–CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 26, 2009.

Decided March 19, 2009.

Charles Ray Mason, Livingston, pro se.

James Charles Smith, Livingston, pro se.

Greg Abbott, Atty. Gen., Nadine F. Phillpotts, Asst. Atty. Gen., Austin, for appellees.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Charles Ray Mason filed a lawsuit against five employees of the Texas Department of Criminal Justice. Arthur Wood, Gary Hunter, Brenda Spitaleri, Patricia Strobl, and Marcial Foisie, Jr., filed an answer and motion to dismiss the case as frivolous inmate litigation. James Charles Smith filed a motion in which he requested leave to intervene as an aggrieved party. In separate orders, the trial court dismissed Mason's claims with prejudice and dismissed Smith's claims without prejudice. In a consolidated brief, Mason and Smith raise eight issues that we address out of order. We reverse the trial court's order as to those claims by Mason that are subject to the inmate grievance system and remand those claims to the trial court. We affirm the trial court's order as to all other claims, including all claims raised by Smith in his intervention.

Mason alleged he was targeted as a "Writ Writer" and claimed that on July 24, 2007, the appellees acted in concert to deprive Mason of his property and to force Mason to sign confiscation papers that were altered by the appellees. Mason asserted a common-law claim for negligence, and statutory claims under the Civil Rights Act of 1964, the Texas Tort Claims

Act, the Deceptive Trade Practices Act, and the Texas Theft Liability Act, in connection with an annual inspection of his cell and subsequent disposition of confiscated papers and other personal property. Smith alleged the five defendants and unnamed others unlawfully confiscated his legal property.[1] Both appellants brought property deprivation claims against Department employees in their personal capacities. The actions of a Department employee, any reprisal for exercising access to court rights, and the negligent loss of authorized offender property by Department employees are among the matters within the authority of the Department that are grievable through the offender grievance procedure. TEX. DEP'T OF CRIM. JUSTICE, OFFENDER ORIENTATION HANDBOOK 53 (Nov.2004), *available at* http://www.tdcj. state.tx.us/ publications/cid/OffendOrientHbkNov04.pdf.

In their first issue, the appellants contend the trial court abused its discretion by ordering the Office of the Attorney General to file an *amicus curiae* advisory to the trial court regarding whether Mason had complied with the filing requirements of Chapter 14, Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–14.014 (Vernon 2002). In their brief on this issue, the appellants argue the Office of the Attorney General is not a party to the suit and suggest that the trial court erroneously ordered the Office of the Attorney General to represent the Department employees sued in their individual capacities. The trial court may entertain suggestions from a friend of the court. *See Johnson v. Ragan*, No. 10–07–00009–CV, 2008 WL 598535, at *4 (Tex.App.-Waco Mar.5, 2008, no pet.) (mem.op.). Furthermore, the Attorney General did

---

1. Although Smith's petition does not allege a date of occurrence, the appellants' brief states that Smith was deprived of his property in February 2005. Smith filed his petition on March 25, 2008.

not file an *amicus curiae* advisory in this case, but filed an answer and motion to dismiss on behalf of the defendants. Such representation is permitted by a statute that does not distinguish between representing state employees in their individual and official capacities. *See Lutz v. Collins,* No. 04–08–00496–CV, 2009 WL 330958, at *2 (Tex.App.-San Antonio Feb.11, 2009, no pet. h.) (mem.op.); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 104.004 (Vernon 2005). We overrule issue one.

█ In their second issue, the appellants challenge the trial court's order to withhold the $25 filing fee from Smith's inmate trust fund account. The Civil Practice and Remedies Code gives the trial court the discretion to enter an order for payment of court costs out of the inmate trust fund account. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.006. We reject Smith's argument that Texas Rule of Civil Procedure 60 provides that he may file a petition in intervention without paying a filing fee. Rule 60 concerns the method of intervening (by filing a pleading), not the filing fee for doing so. *See* TEX.R. CIV. P. 60. The appropriate filing fee is set by the Government Code. *See* TEX. GOV'T CODE ANN. § 51.317(b)(2), (4) (Vernon Supp.2008); TEX. GOV'T CODE ANN. § 101.061(4), (5) (Vernon Supp.2008). We overrule issue two.

Issue three contends the trial court erred in dismissing Mason's claim because the appellees' motion to dismiss referred to Mason as "Barker" in two of the twenty-nine times the plaintiff is mentioned by name in that particular document. The record does not reflect that the trial court was confused, and the trial court named "Charles Ray Mason" in its dismissal order. We overrule issue three.

Issue five contends the trial court erred in impliedly agreeing that Mason's "legal property" is contraband. The appellants argue that "legal property" does not fit the definition of "contraband" found in a dictionary of legal terms. *See* BLACK'S LAW DICTIONARY 341 (8th ed.2004). For purposes of inmate possession, "contraband" is defined in the Offender Orientation Handbook and includes "[i]tems in excess of the amounts authorized or stored in an unauthorized manner[.]" TEX. DEP'T OF CRIM. JUSTICE, OFFENDER ORIENTATION HANDBOOK 20. We overrule issue five.

█ Issue eight claims that the trial court abused its discretion by granting the appellees immunity from being sued in their individual capacities for theft, fraud, retaliation, and civil rights violations. The affirmative defenses of official immunity from state law claims and qualified immunity from federal law claims presuppose the existence of a *prima facie* claim. *Leachman v. Dretke,* 261 S.W.3d 297, 315 (Tex.App.-Fort Worth 2008, no pet.). Although the appellees' motion to dismiss mentions the doctrine of sovereign immunity, the motion to dismiss does not present claims of either qualified immunity or official immunity. Thus, the appellants' suggestion that the trial court determined the appellees were immune from suit in their individual capacities is not supported by the record.[2] We overrule issue eight.

█ The remaining issues challenge the trial court's order of May 2, 2008, which dismissed Mason's claims with prejudice. Issue four contends the trial court erred in dismissing Mason's inmate grievance complaints for failure by Mason to timely file the suit after exhausting his administrative remedies. Issue six urges the trial court erred in dismissing Mason's

---

**2.** We express no opinion on the merit or lack of merit of any potential claims of official immunity that might be asserted in a future proceeding.

suit with prejudice. Although a dismissal pursuant to Chapter 14 of the Civil Practice and Remedies Code ordinarily must be without prejudice, the failure to file suit within thirty-one days of exhausting administrative remedies cannot be cured by re-filing; accordingly, such a dismissal may be with prejudice. *Hines v. Massey*, 79 S.W.3d 269, 272 (Tex.App.-Beaumont 2002, no pet.). Thus, the trial court did not err in dismissing Mason's claims with prejudice, provided the record establishes that Mason failed to file his suit within the time required by Section 14.005(b) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.005(b) (Vernon 2002).

■ An inmate who files a claim that is subject to the grievance system established under Section 501.008 of the Government Code must file with the trial court: "(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and (2) a copy of the written decision from the grievance system." Tex. Civ. Prac. & Rem.Code Ann. § 14.005(a)(1), (2); *see* Tex. Gov't Code Ann. § 501.008 (Vernon 2004). The trial court must dismiss the suit if the inmate's claim is subject to the grievance system and "the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." Tex. Civ. Prac. & Rem.Code Ann. § 14.005(b).

The appellees contend Mason failed to timely file his suit because he filed his suit forty-nine days after his Step 2 grievance was signed. The time for filing suit pursuant to Section 14.005(b) runs from the date the inmate receives the written decision from the grievance system, not the date the Department issues its final decision on the matter. *Id.* Mason attached the Step 2

grievance form, signed October 11, 2007, to his petition. Mason's petition is dated November 27, 2007, and was filed on November 29, 2007. The petition includes a declaration that Mason received the Step 2 grievance on October 29, 2007. Because the thirty-first day after the date Mason received the decision is November 29, 2007, and Mason apparently placed his petition in the prison mail system on November 27, 2007, the petition on its face appears to be timely filed. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex.2004); *compare Comeaux v. Tex. Dep't of Crim. Justice*, No. 14–02–01283–CV, 2005 WL 2978891, at *2 (Tex.App.-Houston [14th Dist.] Nov. 8, 2005, no pet.) (mem.op.) (uncontroverted allegation of date of receipt established timely filing); *with Hoyle v. Ferrell*, No. 13–08–420–CV, 2008 WL 4742026, at *2 (Tex.App.-Corpus Christi Oct.30, 2008, no pet.) (mem.op.) (failure to allege date of receipt of decision within thirty-one days of filing petition failed to establish timely filing). If Mason actually received the decision before October 29, 2007, the appellees could establish the true date of receipt and challenge the timely filing of the suit. Here, however, the mere fact that the decision was signed eighteen days before Mason claims he received it does not establish that Mason filed his suit too late. We sustain issues four and six.

■ Issue seven contends the trial court erred in dismissing the suit for failure to state a claim. The appellants argue the petitions they filed state a claim for deprivation of civil rights under color of law. In particular, the appellants argue that they alleged the acts of the defendants prevented them from filing post-conviction writs of habeas corpus with the Texas Court of Criminal Appeals.

Smith did not submit the filing fee with his petition and he failed to file an affidavit or declaration relating to his previous fil-

ings. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.004. Thus, the trial court did not abuse its discretion by dismissing Smith's suit without prejudice. *Summers v. State Dep't of Crim. Justice,* 256 S.W.3d 752, 756 (Tex.App.-Beaumont 2008, no pet.).

Mason argues the actions of the appellees prevented Mason from filing a post-conviction petition for writ of habeas corpus. Thus, he argues he presents a valid access-to-courts claim. Denial of access to courts by a Department employee is grievable. *See* TEX. DEP'T OF CRIM. JUSTICE, OFFENDER ORIENTATION HANDBOOK 53. We have determined that the trial court erred in dismissing all of Mason's claims that are subject to the inmate grievance system. Because the claim is being remanded to the trial court on other grounds, we decline to address issue seven as to Mason.

We reverse the trial court's order as to those claims by Mason that are subject to the inmate grievance system and remand those claims to the trial court. We affirm the trial court's order as to all other claims, including all claims raised by Smith in his intervention.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.