

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00404-CV

**MICHAEL E. GEIGER,**

**Appellant**

 **v.**

**SANTIAGO GARCIA, JR.,**
**OFFICER HARPER, BILLY JOHNSON,**
**THERESA PLACE, RANDALL HEMY,**
**MARK COLE, LT. JENKINS,**
**DARYL SUTTON, AND T.D.C.J.,**

**Appellees**

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 23931**

## MEMORANDUM OPINION

Michael E. Geiger, a prisoner, appeals the dismissal of his lawsuit against several employees of the Texas prison system. The trial court dismissed his lawsuit with prejudice as being frivolous. We affirm.

**AUTHORITY OF ATTORNEY GENERAL**

In his first issue, Geiger contends the trial court's dismissal was improper because the processing of Geiger's complaint was not complete due to the unauthorized answer filed by the Attorney General on behalf of the defendants below. Under this issue, Geiger first argues that because the trial court ordered the Office of the Attorney General to file an amicus curiae advisory to the trial court regarding whether Geiger had complied with the filing requirements of Chapter 14 of the Texas Civil Practice and Remedies Code, the trial court gave the power to decide the case to the Attorney General. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001-14.014 (Vernon 2002). We disagree with Geiger.

The trial court is not prohibited from entertaining suggestions from an amicus curiae, as a friend of the court, regarding questions apparent from the record in the case. *See Mason v. Wood*, 282 S.W.3d 189, 191 (Tex. App.—Beaumont 2009, no pet.). This does not mean that the trial court is abdicating its power. Furthermore, the Attorney General did not file an amicus curiae advisory regarding whether Geiger complied with the requirements of Chapter 14, but filed an answer and motion to dismiss on behalf of the defendants. Such representation is permitted by statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 104.004 (Vernon 2005); *Mason*, 282 S.W.3d at 192.

That leads us to Geiger's other argument under this issue: that the Attorney General never provided verification of his authority to represent the defendants. "A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended

without authority, cause the attorney to be cited to appear before the court and show his authority to act." TEX. R. CIV. P. 12. Geiger never contested the Attorney General's authority to represent the defendants at the trial court. He cannot now raise this complaint on appeal. *See* TEX. R. APP. P. 33.1; *see also Kindle v. Wood County Elec. Co-Op, Inc.*, 151 S.W.3d 206, 210 (Tex. App.—Tyler 2004, pet. denied). Geiger's first issue is overruled.

## HEARING

In his second and fourth issues, Geiger complains that the trial court erred in dismissing his case without a hearing and without an opportunity to respond to the defendants' motion to dismiss. The trial court's decision whether to conduct a hearing on a motion to dismiss under section 14.003 is discretionary. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (Vernon 2002) (the court "may hold a hearing" to determine whether to dismiss claim); *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet). Further, the trial court is not required to provide Geiger with an opportunity to respond before dismissing his claim under section 14.003. *See, e.g., Gowan v. Texas Dep't of Crim. Justice*, 99 S.W.3d 319, 323 (Tex. App.—Texarkana 2003, no pet.). Accordingly, Geiger's second and fourth issues are overruled.

In his fifth issue, Geiger argues that the dismissal with prejudice violated due process because the case was not decided by a jury or in open court. Again, there is no requirement that a hearing be held before dismissing an inmate's litigation under Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (Vernon 2002). Geiger's fifth issue is overruled.

**Findings of Fact and Conclusions of Law**

In his sixth issue, Geiger states that the trial court erred by including its findings of fact and conclusions of law in its order of dismissal and omitting such findings and conclusions from the clerk's record to deny him his right to appeal. Under this issue and elsewhere in his brief, Geiger actually complains that the basis for the trial court's frivolousness determination was not apparent from the order and that because he requested findings of fact and conclusions of law, the trial court erred in not doing so.

Geiger filed a request for findings of fact and conclusions of law along with his notice of appeal. Because the trial court did not file findings or conclusions, Geiger was then required to file a "Notice of Past Due Findings of Fact and Conclusions of Law." TEX. R. CIV. P. 297. He did not. Even if Geiger was entitled to have findings of fact and conclusions of law, the failure to file a notice of past due findings waives the right to complain about the trial court's failure to file findings of fact and conclusions of law. *Curtis v. Commission for Lawyer Discipline*, 20 S.W.3d 227, 232 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 255 (Tex. 1984). Accordingly, Geiger's sixth issue is overruled.

## CHARACTERIZATION OF GEIGER'S CLAIM

In his third issue, Geiger contends the trial court violated his constitutional rights when the dismissal of his lawsuit was based on the defendants' response characterizing Geiger's suit as a § 1983[1] claim. Under this issue and throughout his brief, Geiger's complaint is against the defendants' characteristic of Geiger's suit; it is not that the trial

---

[1] 42 U.S.C.A. § 1983.

court erred in dismissing the lawsuit. Geiger argues that he brought his suit pursuant to the Texas Tort Claims Act. We cannot say, after reviewing Geiger's petition, that he brought his suit pursuant to the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (Vernon 2008); *Mission Consolidated Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, (Tex. 2008) (The Act generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from a "condition or use of tangible personal or real property."). Accordingly, we do not fault the defendants for allegedly mis-characterizing Geiger's claim. His third issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed October 7, 2009
[CV06]