Opinion
issued November 18, 2010

 



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO.
01-09-00418-CV

———————————

Kenneth L. Hill, APPELLANT

 

v.

 

Texas Department of criminal justice, appellee



 



 

On
Appeal from the 412th District Court

Brazoria
County, Texas



Trial
Court Case No. 51712

 



MEMORANDUM OPINION

          Appellant, Kenneth L. Hill, an inmate
in the Texas Department of Criminal Justice-Institutional Division (“TDCJ”),
proceeding pro se, filed an in forma pauperis civil suit against TDCJ alleging
the actions of a correction officer led to his entrapment in a cell door and
subsequent injury.  Without holding a
hearing, the trial court dismissed Hill’s suit with prejudice for failing to
file his suit within 31 days of TDCJ’s denial of his second-step
grievance.  On appeal, Hill challenges
the court’s dismissal of his suit.

          We reverse and remand.

BACKGROUND

          Hill is an inmate of the Wayne Scott
Unit of the TDCJ.  He complains that in
October 2008, the actions of a correction officer led to his entrapment in a
prison cell door and subsequent injury. 
After attempting informal resolution, Hill filed a first-step grievance
in November 2008.  Prison authorities
denied his grievance request.

Unsatisfied with the result, Hill filed a second-step
grievance in January 2009.  Prison
authorities denied his second-step grievance request on February 4, 2009,
stating that no new evidence had been presented to support his claims.  Hill received the written grievance denial on
February 23, 2009.  

On March 12, 2009, the trial court clerk’s office received
Hill’s petition for suit against TDCJ. 
In April 2009, the trial court dismissed Hill’s suit.  The court informed Hill that, “You failed to
mail the suit within 30 days of the date of the denial of your Step 2
Grievance.  The Grievance was denied on
February 4, 2009, and the clerk received [notification of your suit] on March
12, 2009.”  This appeal followed. 




 

DISMISSAL UNDER SECTION 14.005(b)

          Hill contends the trial court erred in
dismissing his suit.

          A.      Standard of Review

The Inmate Litigation Act applies to civil suits brought by
inmates who file suit in forma pauperis. 
See Tex. Civ. Prac.
& Rem. Code Ann. § 14.002(a)
(Vernon 2002) (stating that chapter 14 of Texas Civil Practice and Remedies
Code “applies to suits
brought by inmates in a court in which an affidavit or unsworn declaration of
inability to pay costs has been filed by the inmate”); Warner v. Glass, 135 S.W.3d 681, 683 (Tex. 2004).  In reviewing the trial court’s decision to
dismiss a case subject to chapter 14, an appellate court applies an
abuse-of-discretion standard of review.  See Williams v. Brown, 33 S.W.3d 410,
411 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (applying abuse-of-discretion
standard to dismissal of inmate’s suit for failing to follow statutory
requirements of Civil Practice and Remedies Code section 14.004); see also Moreland v. Johnson, 95 S.W.3d
392, 394–95 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding trial court
did not abuse discretion in dismissing suit brought under chapter 14 when
appellant did not comply with section 14.005(b)).  An abuse of discretion can be found when the
trial court acts without reference to any guiding rules or principles.  Jackson
v. Tex. Bd. of Pardons & Paroles, 178 S.W.3d 272, 275 (Tex. App.—Houston
[1st Dist.] 2005, orig. proceeding).

B.      Applicable
Law

An inmate who files a claim that is subject to the grievance
system established under Section 501.008 of the Government Code must file with
the trial court “(1) an affidavit or unsworn declaration stating the date that
the grievance was filed and the date the written decision described by Section
501.008(d), Government Code, was received by the inmate; and (2) a copy of the
written decision from the grievance system.” 
Tex. Civ.
Prac. & Rem. Code Ann. § 14.005(a)(1),
(2) (Vernon 2002); see Tex. Gov’t Code Ann. § 501.008 (Vernon
2004).  The trial court must dismiss the
suit if the inmate’s claim is subject to the grievance system and “the inmate fails to file the claim
before the 31st day after the date the inmate receives the written decision
from the grievance system.” Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002); see Mason v. Wood, 282 S.W.3d 189, 193
(Tex. App.—Beaumont 2009, no pet.). 

          C.      Analysis

The court
dismissed Hill’s case because it found that Hill failed to file his suit in the
trial court within 31 days of February 4, 2009, the date TDCJ denied Hill’s
second-step grievance.  The time for
filing suit pursuant to section 14.005(b) runs from the date the inmate
receives the written decision from the grievance system, not the date TDCJ issues
its final decision on the matter.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b); Mason,
282 S.W.3d at 193.  Hill attached the
second-step grievance form, signed February 4, 2009, to his petition.  Hill’s petition was filed on March 12, 2009.  The petition includes a declaration that Hill
received the second-step grievance decision on February 23, 2009.[1]  See Tex. Civ. Prac.
& Rem. Code Ann. § 14.005(a)(1),
(2).  A date-stamp on the second-step grievance decision also shows
Hill received the decision on February 23, 2009.  To satisfy the time requirements of section
14.005(b), Hill was required to file suit before the 31st day after February
23, 2009, which is March 26, 2009.  The
record shows that Hill filed his petition on March 12, 2009.  Because Hill filed his lawsuit before the
31st day after he received the written decision from the grievance system, it
was timely.  See Mason, 282 S.W.3d at 193 (holding that appellant timely filed
petition because petition was filed within 31 days of receipt of grievance
system decision).

We sustain Hill’s sole issue on appeal.




 

CONCLUSION

            We reverse the trial court’s judgment
and remand the cause to the trial court for further proceedings.  

 

 

 

Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists
of Chief Justice Radack and Justices Massengale and Nuchia.[2]

 

 

 











[1]           If Hill actually
received the decision before February 23, 2009, TDCJ could establish the true
date of receipt and challenge the timely filing of the suit, but it has not
done so. 






[2]           The
Honorable Sam Nuchia, Senior Justice, Court of Appeals for the First District
of Texas, participating by assignment.