NO. 07-11-00055-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2011

PERRY JOHNSON, APPELLANT

v.

LISA A. CONNER, ET AL., APPELLEES

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4622-H; HONORABLE RON ENNS, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Perry Johnson, an inmate proceeding *pro se*, sued Texas Department of Criminal Justice (TDCJ) officials, Lisa A. Conner and Sandra Murphy, alleging their actions deprived him of his constitutional right to due process of law. The trial court dismissed his claims against Conner and Murphy on the basis that those claims were frivolous. He maintains the trial court abused its discretion by so finding. We will affirm.

## Factual and Procedural History

According to Johnson, he was convicted of a disciplinary violation in case number 2010026065. At some point after the decision was rendered in that case, Johnson listened to a recording of that hearing. He understood the timetable for appealing that decision to permit him to appeal the conviction by filing a grievance within fifteen days of listening to the recording. He says that he attempted to appeal his disciplinary conviction by filing grievance number 2010182233. According to his petition, his attempted appeal was returned to him unprocessed.

Johnson filed suit alleging that Conner, unit grievance investigator at the Dalhart Unit, and Murphy, administrator of the TDCJ Offender Grievance Program, interpreted and applied the TDCJ policy in such a way as to deprive him of due process of law. The trial court dismissed his appeal as frivolous, which, on appeal, Johnson contends was an abuse of discretion.

## Applicable Law and Standard of Review

Chapter 14 of the Texas Civil Practice and Remedies Code applies to an inmate's suit in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West 2002). Among the several grounds on which a trial court may dismiss such a suit is the finding that the inmate's suit is frivolous or malicious. See id. § 14.003(a)(2) (West 2002). In determining whether a claim is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear that the party cannot prove facts in support

2

of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. Id. § 14.003(b). A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. Hamilton v. Williams, 298 S.W.3d 334, 339–40 (Tex.App.—Fort Worth 2009, pet. denied) (citing Leachman v. Dretke, 261 S.W.3d 297, 311 (Tex.App.—Fort Worth 2008, no pet.), and Retzlaff v. Tex. Dep't of Crim. Justice, 94 S.W.3d 650, 653 (Tex.App.—Houston [14th Dist.] 2002, pet. denied)). If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if that ground was not presented in a motion to dismiss. Id. at 340 (citing Retzlaff, 94 S.W.3d at 653).

We review a trial court's dismissal of a lawsuit brought by an inmate who had filed an affidavit or declaration of inability to pay costs for an abuse of discretion. In re Douglas, 333 S.W.3d 273, 293 (Tex.App.—Houston [1st Dist.] 2010, pet. denied). Under this standard of review, the appellant inmate must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case. Id. While, generally, we review a dismissal of inmate litigation under Chapter 14 for an abuse of discretion, we review *de novo* the specific question whether there was an arguable basis in law for an inmate's claims. Id.

Analysis

Johnson maintains that the trial court abused its discretion by dismissing his suit. In four sub-issues, he presents two bases for his contention: (1) the trial court could not have granted the Office of the Attorney General's "advisory" because the Office of the Attorney General (OAG) identified itself as *amicus curiae* in the litigation, and (2) the

3

trial court abused its discretion when it concluded that Johnson's suit was frivolous due, in part, to the trial court's misinterpretation of the relief he requested.

OAG as *Amicus Curiae*

Johnson contends that the trial court did not have the authority to dismiss his claim based on the "advisory" submitted to the trial court by the OAG. He maintains that, because the OAG identified itself as *amicus curiae*, the trial court could not have acted on its "advisory." From the combined answer and motion to dismiss or "advisory," it is unclear the OAG's intended role. The OAG did identify itself as *amicus curiae*, but then it goes on to identify the document as defendant's answer and motion to dismiss and signs the document as "Attorney for Defendants."

As Johnson ably points out, a true *amicus curiae* is without interest in the proceeding in which it appears. See In re Wingfield, 171 S.W.3d 374, 381 (Tex.App.—Tyler 2005, orig. proceeding) (citing Burger v. Burger, 298 S.W.2d 119, 120–21 (Tex. 1957)). An *amicus curiae* is a "bystander" whose mission is to aid the court, to act only for the benefit of the court. Id. An *amicus curiae* is a person or entity "who is not a party to a lawsuit but who petitions the court or is requested by the court to file a brief in the action because that person has a strong interest in the subject matter." BLACK'S LAW DICTIONARY 98 (9th ed. 2009).

The OAG had the statutory authority, if not the duty, to represent Conner and Murphy, as public servants. See TEX. CIV. PRAC. & REM. CODE ANN. § 104.004 (West 2011); Mason v. Wood, 282 S.W.3d 189, 192 (Tex.App.—Beaumont 2009, no pet.). If the OAG filed the combined answer and motion in furtherance of such representation,

then the trial court could have granted the motion to dismiss. If, on the other hand, the OAG was acting as *amicus curiae*, then the trial court could have entertained the issues it raised as friend of the trial court. See Mason, 282 S.W.3d at 191 (concluding that trial court could consider issues raised in OAG's "advisory," filed as *amicus curiae* per trial court's order, but ultimately observing that OAG's submission was, in fact, an answer and motion to dismiss on behalf of defendants). So, the trial court could have granted a motion to dismiss filed by the OAG on behalf of a defendant, and it could have entertained issues or questions raised by the OAG as friend of the court. However, neither scenario must necessarily present itself to invest the trial court with the authority to dismiss Johnson's claims.

The trial court's exercise of its discretionary power to dismiss *sua sponte* under Chapter 14 does not depend on a defendant filing a motion to dismiss. See Gross v. Carroll, 339 S.W.3d 718, 722 (Tex.App.—Houston [1st Dist.] 2011, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)); Wilson v. TDCJ-ID, 107 S.W.3d 90, 92 (Tex. App.—Waco 2003, no pet.) (citing McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 537 (Tex.App.—Houston [14th Dist.] 1998, no pet.)). Simply put, without regard to the motion to dismiss or "advisory," the trial court had the authority to dismiss Johnson's claims as frivolous. Any error associated with considering the OAG's submission after it identified itself as *amicus curiae* would not have caused the rendition of an improper judgment. See TEX. R. APP. P. 44.1(a).

While it initially strikes us as curiously inconsistent that the OAG would identify itself as *amicus curiae* in the trial court at the same time it purported to represent one of

5

the defendants, we note that the instant case presents a situation in which the trial court has been granted specific authority to dismiss an inmate's litigation under Chapter 14 either before or after service and on a party's motion or the trial court's own motion. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a), (c). With that, we need not determine the precise capacity in which the OAG participated in this litigation or the propriety of considering anything submitted by the OAG in such capacity. Regardless of the capacity in which the OAG appeared before the trial court, the trial court was authorized to dismiss Johnson's suit as frivolous.

The Trial Court's Determination that Claims Were Frivolous

According to Johnson's petition, he was found to have committed a disciplinary violation in disciplinary case number 2010026065. Under his interpretation of TDCJ policy, he had fifteen days after he listened to the recording of the hearing in that case to appeal his disciplinary conviction. Based on that interpretation, Johnson sought to appeal his disciplinary conviction in case number 2010026065 by filing grievance number 2010182233. But, he claims, according to TDCJ's application of the policy, his attempted appeal was returned to him unprocessed as untimely. Johnson claims that Conner and Murphy persisted in their misinterpretation and misapplication of TDCJ policy and, in doing so, denied him due process of law by depriving him of his ability to appeal his disciplinary conviction in case number 2010026065.

Johnson has failed to establish that he exhausted his administrative remedies with respect to the factual basis for his allegations. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (West 2002). In his claims against Conner and Murphy, Johnson

6

maintains that he was denied the right to appeal the disciplinary conviction in case number 2010026065 by TDCJ official's "refusal to process" his grievance number 2010182233. Included in the record before us are a number of completed grievance forms and correspondence advancing Johnson's interpretation of TDCJ policy in relation to *those* grievances. However, we do not find in the record any copy of the grievance at issue, number 2010182233.

An inmate may not file a claim in state court regarding operative facts for which the TDCJ grievance system provides the exclusive administrative remedy until the inmate receives a written decision issued by the highest authority provided for in the grievance system, or the 180th day after the date the grievance is filed, if the inmate has not received a written decision. TEX. GOV'T CODE ANN. § 501.008(d) (West 2004). An inmate who files a claim that is subject to the grievance system must file an affidavit stating the date a grievance was filed and the date a written decision was received,[1] along with a copy of the written decision. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a); Bishop v. Lawson, 131 S.W.3d 571, 574 (Tex.App.—Fort Worth 2004, pet. denied). If the inmate fails to file a claim within thirty-one days of receiving a final decision from the grievance system, the trial court must dismiss the suit. Id. § 14.005(b); Wolf v. Tex. Dep't of Crim. Justice, 182 S.W.3d 449, 450 (Tex.App.—Texarkana 2006, pet. denied).

---

[1] We note that Johnson's affidavit concerning exhaustion of administrative remedies fails to provide all of the information required by Section 14.005(a). While he does include relevant dates regarding correspondence he alleges to have sent to Murphy, he does not refer to any relevant dates regarding the filing or disposition of grievance number 2010182233.

Here, though Johnson claims to have been denied the right to appeal case number 2010026065, from the record neither we nor the trial court could determine whether he sought or received a final administrative decision on the particular issues on which he based his allegations against Conner and Murphy. Based on the information and record provided, a court could not determine when the identified grievance was filed, the subject matter of that grievance, and when or if there was a final administrative ruling on the matters raised. Therefore, it was impossible for the trial court to conclude that Johnson had exhausted his administrative remedies or had filed his lawsuit within thirty-one days of receipt of a final administrative determination. Regardless of whether the trial court misinterpreted the nature of the relief Johnson requested, the trial court could have concluded that Johnson failed to establish that he exhausted his administrative remedies. Accordingly, the trial court did not abuse its discretion by dismissing the suit. See Hamilton, 298 S.W.3d at 340. We overrule Johnson's point of error.

Conclusion

Having overruled Johnson's point of error, we affirm the trial court's judgment.


Mackey K. Hancock
Justice

8