

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00075-CV
_____

ROBERT TROY MCCLURE, Appellant

V.

THE STATE OF TEXAS, ET AL., Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 12C0711-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Robert Troy McClure has filed a pro se appeal from the dismissal of his suit against the Texas Department of Criminal Justice–Institutional Division (TDCJ); Rick Thaler, Director of the Texas Department of Corrections; Robert Eason, Region Two Director of the Texas Department of Corrections; Dawn Grounds, Warden of the Telford Unit of the Texas Department of Corrections; and correctional officers Tyler Boles and Mary Langly. Each individual defendant was sued individually and in his or her official capacity.

McClure, an inmate, alleged excessive use of force by prison officials while being housed at the Telford Unit of the TDCJ.[1] McClure attached to his petition an affidavit of indigence, an affidavit documenting his compliance with TDJC grievance procedures, together with copies of the written decisions generated as a result of the grievance process, and an affidavit documenting previous lawsuits filed in Texas state courts.

The trial court dismissed McClure's suit before service of process stating that McClure failed to file his lawsuit within thirty-one days after the decision on his step two grievance. The order also set forth additional reasons McClure's complaint was dismissed. These additional reasons included a determination that (1) the majority of McClure's requested relief is now moot, and (2) McClure's action is frivolous in light of the fact that he filed two lawsuits in the trial court prior to filing the excessive force complaint less than six months after the previous lawsuit.

---

[1]McClure is currently housed in the Wynne Unit in Huntsville, having been transferred there on March 6, 2012.

As an inmate proceeding *in forma pauperis*, McClure's suit must comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2012). The chapter provides:

> (a)　An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
> > (1)　an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by section 501.008(d), Government Code, was received by the inmate; and
> >
> > (2)　a copy of the written decision from the grievance system.
>
> (b)　A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the day the inmate receives the written decision from the grievance system.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 2002). A trial court has a mandatory duty to dismiss a claim that is filed late. *Id*.; *Smith v. Tex. Dep't Criminal Justice–Institutional Div.*, 33 S.W.3d 338, 340 n.2 (Tex. App.—Texarkana 2000, pet. denied). Further, the Section 14.005 affidavit or unsworn declaration must give both the date the grievance was filed and the date on which a written decision was received. *Draughon v. Cockrell*, 112 S.W.3d 775, 776 (Tex. App.—Beaumont 2003, no pet.).

## I.　Dismissal Improper Under Section 14.005(b)

McClure filed a first step grievance requesting to be placed in protective custody and for injunctive relief on January 26, 2012. Prison authorities denied his grievance request. McClure filed a second step grievance request on March 22, 2012. As a result of this request, McClure was reassigned to the Wynne Unit. While the response to the second step grievance is dated

April 5, 2012, McClure's "Affidavit of Grievance of Return and Answer" indicates McClure received the response to his step two grievance on April 27, 2012.[2] The trial court calculated the thirty-one-day time frame in which McClure was statutorily required to file his lawsuit from April 5, 2012,[3] the date on which the step two grievance response was signed by Susan Bauer-Assistant Regional Director, Region II, TDCJ. The order thus states that McClure's lawsuit, filed on May 14, 2012, was filed more than thirty-one days after he received a decision on his step two grievance.

The time for filing suit pursuant to Section 14.005(b) runs from the date the inmate receives the written decision from the grievance system, not the date the TDCJ issues its final decision on the matter. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *Mason v. Wood*, 282 S.W.3d 189, 193 (Tex. App.—Beaumont 2009, no pet.). McClure attached the step two grievance form, signed April 5, 2012, to his petition. McClure's petition is dated May 1, 2012, and was filed on May 14, 2012. The affidavit attached to McClure's petition states that he received the written decision regarding his step two grievance on April 27, 2012. Because the thirty-first day after the date McClure received the decision was May 28, 2012, the petition, on its face, appears to be timely filed. *See Mason*, 282 S.W.3d at 193; *see also Comeaux v. Tex. Dep't of Criminal Justice–Institutional Div.*, No. 14-02-01283-CV, 2005 WL 2978891, at \*2

---

[2]The step two offender grievance form with attached response indicates a due date of April 26 and contains a date stamp of April 27, 2012.

[3]The order states that McClure "received a decision from prison officials regarding his Step Two grievance on April 5, 2012." Because the second step grievance response is dated April 5, 2012, it is highly improbable that McClure actually received the decision the day it was rendered.

4

(Tex. App.—Houston [14th Dist.] Nov. 8, 2005, no pet.) (mem. op.) (uncontroverted allegation of date of receipt established timely filing).

The fact that the decision was signed twenty-two days before McClure claims he received it does not establish that McClure filed his suit too late.[4]  *Id.*  The trial court, therefore, erred in dismissing McClure's suit based on Section 14.005(b).  TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b).

## II.    Dismissal Improper for Additional Reasons Stated in Order

McClure's petition requests the following relief for the alleged excessive use of force: (1) a permanent injunction ordering the individual defendants to "stop abusing McClure or retaliating in any way," (2) placement in protective custody, and (3) compensatory and punitive damages.  The dismissal order reasons that because McClure has been transferred to the Wynne Unit, the majority of the requested relief is moot; therefore, dismissal was proper.  Even assuming (without deciding) transfer to the Wynne Unit resolved McClure's first two claims for relief, it did nothing to address McClure's claim for compensatory and punitive damages.

---

[4]We acknowledge authority holding that when a second grievance against the TDCJ involves the same issues as the first grievance, the thirty-one-day statute of limitations for filing a state court action begins to run on the date the first grievance was denied. *Allen v. Tex. Dep't of Criminal Justice–Institutional Div.*, 80 S.W.3d 681, 683 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  In that case, Allen's grievance was denied in July.  He filed his lawsuit almost seventeen months later.  Allen's lawsuit was dismissed under Section 14.005 of the Texas Civil Practice and Remedies Code.  Before filing his suit in state court, Allen filed a suit in federal court, which was dismissed as well.  After Allen's federal lawsuit was dismissed, he filed a second grievance involving the same issues as his first grievance.  The second grievance did not extend the deadline to file his state court claim.  *Id.* at 683.  Here, McClure did not file two separate grievances for the same issues.  Instead, he followed a two-step grievance procedure necessary to fully exhaust his administrative remedies prior to filing his lawsuit in district court.  The initial offender grievance form McClure filed was captioned, "Step 1."  The second offender grievance form was captioned "Step 2," being an appeal of the Step 1 grievance decision.  The Step 2 form requires that the Step 1 grievance, signed by the Warden, must be attached to the Step 2 form in order to appeal to Step 2.

Because McClure's claims for monetary relief have never been addressed, dismissal of his lawsuit on this basis was improper.

As a second additional reason for dismissing McClure's claims, the trial court cited two "other lawsuits" filed by McClure in the same court approximately six months prior to this one. Because the Texas Legislature enacted Chapter 14 to control the flood of frivolous lawsuits by prison inmates, the trial court reasoned that the present lawsuit should be dismissed. Section 14.003 of the Texas Civil Practice and Remedies Code sets forth the reasons for which a trial court may dismiss an inmate claim. One such reason for dismissal is based on the trial court's finding that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). In determining whether a claim is frivolous or malicious, the trial court may consider whether "the claim's realistic chance of ultimate success is slight," "the claim has no arguable basis in law or in fact," "it is clear that the party cannot prove facts in support of the claim," or "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1)–(4) (West 2002). Here, the trial court did not specifically find McClure's lawsuit to be frivolous, but impliedly so found.

Generally, a trial court's dismissal of an inmate's claim under Chapter 14 is reviewed for an abuse of discretion. *Clark v. J.W. Estelle Unit*, 23 S.W.3d 420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Abuse of discretion exists where a court acts without reference to applicable guiding principles, acts arbitrarily, misinterprets, or misapplies those guiding rules or the law. *Vacca v. Farrington*, 85 S.W.3d 438, 440 (Tex. App.—Texarkana 2002, no pet.) If the

6

trial court dismisses a claim without a hearing, as in the situation here, we are to determine on appeal simply whether the claim had no arguable basis in law, which we review de novo. *See Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.). We, therefore, review de novo the question of whether the trial court properly concluded that McClure had no arguable basis in law for maintaining his suit. *Id.* In so doing, we take as true the allegations of the inmate's petition. *Mullins v. Estelle High Sec. Unit*, 111 S.W.3d 268, 272 (Tex. App.—Texarkana 2003, no pet.).

McClure's lawsuit alleges that upon being returned to his cell after recreational time, a prison guard elbowed him in the face while McClure was handcuffed. McClure alleges that the right side of his face and right eye were bruised and swollen for four to seven days. After a supervisor was called to McClure's cell, McClure received medical attention for his injuries. It is alleged that the prison medical staff noted a probable broken nose and ordered McClure to see Dr. Moreland. McClure further alleges that x-rays ordered by Moreland revealed a broken nose and eye injuries. McClure maintains that the prison guard who elbowed him then retaliated against McClure for complaining of this incident, including writing allegedly false disciplinary reports on McClure. McClure alleges he was later informed that the prison guard in question was reported for excessive use of force. McClure further claims that additional false reports were written against him as a result of this incident. McClure alleges a claim for assault and battery and intentional infliction of emotional distress. McClure also claims that these actions amount to violations of the United States and Texas Constitutions.

To have no arguable basis in law, a claim must be based on an indisputably meritless legal theory or the facts alleged must rise to the level of irrational or wholly incredible. *Gill v. Boyd Distrib. Ctr.*, 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet. denied). Stated another way, the pled facts must not comprise a cause of action. *Id.* at 604. Here, McClure pled facts in support of his cause of action. The factual allegations here are sufficient to state a cause of action that would authorize relief for assault and battery. *See Birdo v. Debose*, 819 S.W.2d 212, 215 (Tex. App.—Waco 1991, no writ) (holding allegation of use of force in bad faith and "without provocation or justification" sufficient to state valid legal theory against correctional officers).

McClure also alleges a claim for intentional infliction of emotional distress. Recovery for intentional infliction of emotional distress requires evidence that the defendant acted intentionally or recklessly, the defendant's conduct was extreme and outrageous, and the defendant's actions caused the plaintiff severe emotional distress. *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). When reasonable minds may differ in determining whether the conduct in question was extreme and outrageous, it is for the jury to determine whether the conduct was sufficiently extreme and outrageous to result in liability. *Id.* While inquisition into the factual basis of the claim may reveal that McClure's claim of intentional infliction of emotional distress is frivolous, based on the pleadings alone, it cannot be said that McClure's claim is indisputably meritless, irrational, or wholly incredible. *See Gill*, 64 S.W.3d at 603.

8

McClure's remaining claims allege violations of the United States and Texas Constitutions. Specifically, he claims that the use of excessive force (when McClure was not violating any prison rule or acting disruptively) violated his rights under the Eighth Amendment to the United States Constitution[5] and his corresponding rights under Article 1, Section 13 of the Texas Constitution.[6] *See* U.S. CONST. amend. VIII; TEX. CONST. art. 1, § 13. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prison inmate's claims are to be construed liberally. *Birdo*, 819 S.W.2d at 216. While we offer no opinion on whether McClure would actually prevail on this claim, we do not believe this claim was subject to dismissal.[7]

McClure further alleges a violation of his First Amendment rights under the United States Constitution and his corresponding rights under Article 1, Section 8 of the Texas Constitution

---

[5]The prohibition of the Eighth Amendment to the Federal Constitution applies only to the United States, but it has been assumed by the United States Supreme Court that the right to be free from cruel and unusual punishment is to be considered fundamental and consequently guaranteed against state infringement by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *La. ex rel. Francis v. Resweber*, 329 U.S. 459 (1947).

[6]This provision of the Texas Constitution essentially mirrors the language of the Eighth Amendment to the Federal Constitution.

[7]As the Court stated in *Green v. McKaskie*:

> It is, of course, not always easy to determine whether a claim is frivolous simply by examining the pleadings. Prisoner complaints are notoriously difficult to decipher, and pro se pleadings must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Unless the frivolousness of a claim is facially apparent, it is "incumbent upon the court to develop the case and to sift the claims and known facts thoroughly until completely satisfied either of its merit or lack of same."

*Green v. McKaskie*, 788 F.2d 1116, 1119 (5th Cir. 1986).

based on alleged retaliation for seeking redress of his grievances.[8]  *See* U.S. CONST. amend. I; TEX. CONST. art. 1, § 8.  This claim, likewise, is based on a valid legal theory.  Section 1983 of Title 42 of the United States Code imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C.A. § 1983 (2003).  McClure alleged his constitutional right to seek redress for grievances under the First Amendment was violated by the assault and subsequent, allegedly false, disciplinary reports.  Although McClure did not specifically cite Section 1983 in his petition, he did cite the particular constitutional violation claimed.

To prevail on such a retaliation claim, an inmate "must be able to show more than a personal belief that he is the victim of retaliation."  *Brewer v. Simental*, 268 S.W.3d 763, 771 (Tex. App.—Waco 2008, no pet.).  More specifically:

> [A]n inmate must be able to establish:  i) a specific constitutional right; ii) the defendants' intent to retaliate against him for exercising that right; iii) a retaliatory adverse act; and iv) causation—a showing that "but for the retaliatory motive, the complained of incident would not have occurred."  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998).

*Johns v. Johnson*, No. 10-03-00388-CV, 2005 WL 428465, at *3 (Tex. App.—Waco Feb. 23, 2005, no pet.) (mem. op.) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)).  "[A] prison official may not retaliate against or harass an inmate for exercising the right of access to

---

[8]McClure alleged that Boles elbowed him in the face in retaliation for McClure's complaints regarding prison employees.  McClure further alleged that Boles and Langly retaliated against him for complaining of the alleged assault by writing false disciplinary reports against him, resulting in loss of privileges for nineteen days.

the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Here, McClure specifically alleged that "Defendant Boles was telling McClure he's a piece of [s—t] for filing complaints on the employees of the prison, and elbowed McClure in the face." McClure further alleged that

> Defendant Langly along with Defendant Boles retaliated against McClure for complaining about the assault. By writing false disciplinary cases. Defendant Langly claimed she witnessed McClure hiting his head on the table or wall. Defendant Langly submitted a case for "self-infliction." Defendant Langly also submitted false statements to interfere with a state investigation.

It is further alleged that "Langly . . . admitted to McClure she lied to cover up the assault." McClure alleges that he urged Langly to do the right thing and to stop lying. As a result, and "out of evil intent," Langly "used the prison disciplinary system as a tool of retaliation when she wrote McClure a false case of '[t]hreatening an officer.'" McClure claims that as a result of this report, he was demoted to Level 3 from Level 1 and was deprived of his property for nineteen days.

McClure's petition adequately pleads the elements of a retaliation claim. As a result, this claim has an arguable basis in law.

Because McClure's claims have an arguable basis in law, the trial court improperly dismissed this case as frivolous.

We reverse the judgment of the trial court and remand the case to the trial court for further proceedings consistent with this opinion.


　　　　　　　　　　　　　　　　　　　　Jack Carter
　　　　　　　　　　　　　　　　　　　　Justice

Date Submitted:　　　November 26, 2012
Date Decided:　　　　December 20, 2012