**Opinion issued May 27, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-19-00810-CV**
_____

**RICHARD BARROSO, Appellant**

**V.**

**THE STATE OF TEXAS, TDCJ RAMSEY ONE UNIT PERSONNEL, Appellees**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 92497-I**

---

**MEMORANDUM OPINION**

Appellant, Richard Barroso, an inmate in a Texas prison, appeals from the trial court's dismissal of his civil claims against appellees, the State of Texas and undisclosed employees of the Texas Department of Criminal Justice—Ramsey One Unit. Because the trial court properly concluded that "all of [Barroso's] claims

have no arguable basis in law" within the meaning of Texas Civil Practices and Remedies Code section 14.003(b)(2), we affirm the trial court's order of dismissal.

## BACKGROUND

On July 10, 2017, Barroso, an inmate at the Ramsey One Unit of the Texas Department of Criminal Justice, filed suit against the State of Texas and several unnamed employees of the Ramsey One Unit, alleging that they unlawfully confiscated his possessions. Specifically, Barroso claims that while he was in the hospital,[1] the employees performed a semiannual lockdown search of his and other inmates' property.[2] Barroso claims that after returning to his cell from the hospital, he found his legal materials in disarray. During a more thorough search the next day, Barroso claims that he discovered that one of his legal files related to "habeas redress" had been confiscated by the employees. He further claims that he was not issued any confiscation papers for the missing documents.

Very little information is alleged in Borroso's petition regarding any grievance procedures initiated as a result of the confiscation of his papers. The petition does not have an attached affidavit or sworn statement providing any detail

---

[1]     Borroso's brief alleges that this event occurred on December 22, 2016.

[2]     We note that in his lawsuit, Borroso, who is not an attorney, purported to represent his cellmate, Mark Warren, who also asserted claims that the unnamed employees confiscated several of his magazines. Warren's claims are included in the trial court's dismissal order, but Warren is not part of this appeal.

about any grievances filed by Borroso or the dates on which those procedures, if any, were resolved and he received notice thereof.

On August 26, 2019, the defendants filed a "Plea to the Jurisdiction, Motion to Dismiss Pursuant to Tex. Civ Prac. & Rem. Code 14.003(b)(2) and Tex. R. Civ. P. 91A." The trial court, without a hearing, found that "all of Plaintiffs' claims have no arguable basis in law within the meaning of Tex. Civ. Prac. & Rem. Code § 14.003(b)(2) and Tex. R. Civ. P. 91a." Accordingly, the trial court dismissed "all claims made by . . . Richard Barroso against the State of Texas and TDCJ." This appeal followed.

## PROPRIETY OF DISMISSAL

Chapter 14 of the Texas Civil Practice and Remedies Code governs all cases filed by an inmate, except those brought under the family code, in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.001–14.014. If, as in this case, the trial court dismisses a claim without conducting a hearing, we are limited to reviewing whether the claim had an arguable basis in law. *Smith v. Tex. Dep't of Crim. Just.– Inst. Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied). A claim does not have an arguable basis in law if the claim is based on a meritless legal theory or if the inmate failed to exhaust his administrative remedies. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied).

3

Although a chapter 14 dismissal is reviewed under an abuse of discretion standard, the issue of whether a claim has an arguable basis in law is a legal question that we review de novo. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.) We will affirm the dismissal if it was proper under any legal theory. *Id.* (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990)). If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if the ground was not presented in a motion to dismiss. TEX. CIV. PRAC. & REM. CODE § 14.005; *Retzlaff v. Tex. Dep't of Crim. Just.*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

Section 14.005 of the Texas Civil Practices and Remedies Code establishes requirements for an inmate who files a claim that is subject to the grievance system established under Texas Government Code Section 501.008[3]. Regarding the exhaustion of remedies provided by the grievance system, section 14.005 provides in pertinent part:

(a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code shall file with the court:

(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and

(2) a copy of the written decision from the grievance system.

---

[3]     *See* TEX. GOV'T CODE § 501.008 (establishing inmate grievance system).

(b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

*Id.* § 14.005(a)-(b).

A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice. *Moreland v. Johnson,* 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

The State's motion to dismiss argued, among other things, that Barroso's claims should be dismissed because "Barroso has not shown that he exhausted TDCJ's administrative process[.]" We agree that Barroso's claim was filed on July 10, 2017 without any accompanying proof that he had exhausted his administrative remedies. Regarding the grievance process, Barroso's petition merely states:

> According to documents the [trial] court received May 8, 2017, in the Motion for Leave to file claims, April 27, 2017 was last day of 31 days to comply with § 14.005 Tex. C. Prac. & R meaning the Step II grievance was returned to [Barroso's co-plaintiff] on March 27, 2017. This would be reference should this Court order TDCJ to provide copies of Step 1 and Step 2 grievance process, from there it could be determined R. Barroso's grievance within 15 days of incident to order copies thereof. TDCJ holds all authority and all the cards, except this Court act on its authority to institute justice.

Section 14.005(a)(1) requires an appellant to provide the trial court with specific grievance dates at the outset of litigation via an affidavit or unsworn declaration. *See* TEX. CIV. PRAC. & REM. CODE § 14.005(a)(1). Borroso's failure to comply with the procedural requirements left the trial court without the ability to

determine whether the suit was timely filed under section 14.005(b). This procedural non-compliance warranted dismissal of Borroso's case. *See Hatcher v. TDCJ–Inst. Div.,* 232 S.W.3d 921, 925 (Tex. App.—Texarkana 2007, pet. denied) (holding trial court did not abuse its discretion in dismissing inmate's case after inmate failed to provide effective affidavit concerning grievance determination and receipt dates); *see also Brown v. Talley,* No. 08-02-00397-CV, 2003 WL 22283271, at *1 (Tex. App.—El Paso Oct. 2, 2003, no pet.) (mem. op.) ("Having failed to file the requisite affidavit, appellant failed to establish that he has exhausted his administrative remedies."). Since Borroso did not file an affidavit or unsworn declaration informing the trial court when he received his final grievance determination, and Borroso's sworn petition omits such information, the trial court could reasonably conclude that Borroso did not exhaust his administrative remedies. *See Waddleton v. Texas Dep't of Crim. Just.*, No. 13-13-00512-CV, 2015 WL 4592285, at *2 (Tex. App.—Corpus Christi July 30, 2015) (mem. op).

However, in combing through the clerk's record in this case, we note that a Motion for Permanent Injunction Order filed by Barroso on November 30, 2017, has a copy of his Step 1 and Step 2 Grievance Offender Forms attached. The Step 2 Grievance Offender Form, the denial of which forms the basis for his claims here, shows that it was signed on March 6, 2017 and received on March 27, 2017. However, Barroso's claim arising out of that Step 2 Grievance was not filed until

6

over three months later, on June 10, 2017. Thus, even if we consider the Step 1 and Step 2 Grievance Forms, which were not provided to the trial court with Borroso's petition, Barroso's complaint arising out of that grievance proceeding is untimely and shall be dismissed. *See* TEX. CIV. PRAC. & REM. CODE §14.005(b).

A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *See Retzlaff*, 94 S.W.3d at 653. Because Barroso failed to bring his suit timely, the trial court did not err in determining that his claim had no arguable basis in law. *See Burleson v. Pucket*, No. 01-17-00566-CV, 2018 WL 5289144, at * (Tex. App.—Houston [1st Dist.] Oct. 25, 2018, no pet.) (mem. op.) ("Because [appellant's] suit was untimely filed more than 31 days after receipt of the final written decisions, [appellant's claims] have no arguable basis in law and the trial court properly dismissed the claims with prejudice"); *see also Simmonds v. Harrison*, 387 S.W.3d 812, 815 (Tex. App.—Eastland 2012, no pet.) ("[T]he trial court did not abuse its discretion in determining that appellant's claim had no basis in law because appellant failed to bring his suit timely"). Further, because the chapter 14 defect in Borroso's lawsuit cannot be remedied, we conclude that the trial court could properly dismiss Borroso's claims with prejudice. *See Mason v. Wood*, 282 S.W.3d 189, 193 (Tex. App.—Beaumont 2009, no pet.) (*citing Hines v. Massey*, 79 S.W.3d 269, 272 (Tex. App.—Beaumont 2002, no pet.). And, because the defect in Borroso's petition, i.e., its timeliness, could not have been cured by

7

amending his petition, the trial court did not abuse its discretion in not permitting an amended petition before dismissing Borroso's case.  *See Moreland v. Johnson*, 95 S.W.3d 392, 394—95 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

We overrule all of Borroso's issues.[4]

## CONCLUSION

We affirm the trial court's order dismissing Borroso's claims.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Landau and Countiss.

---

[4] Because dismissal was statutorily required, we need not address any other issues presented. *See* TEX. R. APP. P. 47.1.